State ex rel. Mitchell vs. The Supervisors of the Town of Decatur.

STATE ex rel. MITCHELL vs. THE SUPERVISORS OF THE TOWN OF DECATUR.

*September 25 — October 23, 1883.*

TOWNS: PARTIES: COSTS. *(1) Statute as to recording request for special town meeting, directory. (2) Notice of special meeting construed. (3) Control of legal proceedings: When town a party and liable for costs.*

1. Sec. 789, R. S., which requires the town clerk to record the request for a special town meeting, is directory merely, and the mere failure to record such request prior to the meeting would not vitiate the action taken thereat.

2. A notice of a special town meeting which states that it is held at the request of voters of the town of D. and for the purpose of giving direction to the supervisors of that town, sufficiently indicates that the place specified for the meeting is in that town.

3. The electors at a town meeting may direct the withdrawal of an appeal from the judgment of the circuit court in a proceeding by *mandamus* against the supervisors of the town, *eo nomine*, to

compel the laying out of a highway, although the undertaking on appeal was signed by two of the supervisors who were in office at the time the *mandamus* was issued. In such a case *the town* is the appellant, and is primarily liable for the costs of the appeal.

APPEAL from the Circuit Court for *Green* County.

This is a motion by the relator to dismiss the appeal. The facts are thus stated by Mr. Justice CASSODAY:

"It appears that application was made to the town supervisors, B. J. Gardner, S. C. Pierce, and W. E. Gardner, for laying out a certain highway in the defendant town. Pierce being personally interested was disqualified to act. Sec. 1266, R. S. The other two supervisors being divided in opinion, the application was necessarily denied. An appeal was taken and commissioners appointed, and they reversed the refusal to lay out the road by the supervisors, and ordered the same to be laid out. No appeal was ever taken from the decision of the commissioners. As only one of the supervisors was willing to comply with such order, and the other two refused, application was made to the circuit court for Green county, in the above-entitled cause, for a writ of *mandamus* to compel the appellant to lay the road. On the return of the alternative writ, and after the hearing and filing of the findings of fact by the circuit court, judgment was entered therein, and a peremptory writ of *mandamus* was thereupon issued, commanding the supervisors of the town to lay the road without delay. From that judgment, which was rendered March 3, 1883, the defendant, *The Supervisors of the Town of Decatur*, appealed to this court, and perfected the appeal by giving the requisite bond, March 28, 1883.

"On July 5, 1883, sixteen residents, freeholders and legal voters of the town, requested the town clerk, in writing, to call a special town meeting for the purpose of instructing the supervisors to lay the highway in question; also to determine whether the town would authorize the supervisors

to carry on the suit in this court on this appeal; also to take such action as the meeting might determine in regard to paying attorney's fees and costs which were not strictly binding upon the town to pay. This request was presented to the town clerk, and filed in his office, July 5, 1883, and thereafter the same was duly recorded by the clerk, as required by the statute. On July 6, 1883, and in accordance with said request, the clerk caused three notices of such special town meeting to be posted in three of the most public places in the town, due proof of which was made and filed in his office. The clerk also caused the notice to be published in the Brodhead Independent, a weekly newspaper published in the town, for two successive weeks, the first publication being on the 13th day of July, 1883, and the last being July 20, 1883, and due proof of such publication was made and filed in the office of the clerk. The minutes of the special meeting were duly filed in said clerk's office on the evening of the day on which the meeting was held, to wit, July 21, 1883, together with the poll-list giving the names of the persons who voted at such meeting. A certified statement, under the hands of the inspectors of such election, giving the resolutions passed thereat, and the action taken and had at the meeting, was also duly filed and recorded in the clerk's office. The notice was, in effect, that there would be a special town meeting held at Gumbar's Hall, on Saturday, July 21, 1883, at the request of twelve legal freehold voters of the town of Decatur, for the same purposes, substantially, as stated in the request above referred to, and the same was dated July 6, 1883. At that meeting a resolution, with preambles reciting the facts, was offered, to the effect that the supervisors of the town of Decatur take immediate steps to withdraw this appeal, so far as the town was concerned, and that in settling such suit the supervisors pay no costs or attorney's fees, except such as were legal claims against the town; and it was there-

upon ordered that the vote thereon be taken by ballot, and that those favoring the resolutions were to vote "Withdraw appeal," and those against, "Prosecute appeal;" and that the opportunity to vote be kept open until five o'clock P. M., which was done, whereupon it was ascertained that the whole number of votes cast upon the resolution was 128, of which 123 were for withdrawing the appeal, and five for prosecuting the appeal."

*B. F. Dunwiddie* and *Wm. F. Vilas*, for the relator.

*P. J. Clawson, contra.*

CASSODAY, J.   The relator moves to dismiss the appeal upon papers showing facts, the substance of which is stated above.   The request for the special town meeting seems to have been signed by the requisite number of qualified voters of the town, and sufficiently specified the purposes for which the meeting was called, within the provisions of sec. 788, R. S.   The request was also left with the town clerk in time. The statute requires the town clerk, with whom it was left, to record the same.   Sec. 789, R. S.   This was done, but it is claimed that it was not done until after the meeting.   The statute does not definitely state at what stage of the proceedings the recording must be completed.   For the purposes of this case, we assume that it was the duty of the clerk to record the same within a reasonable time after its receipt. But this, after all, would seem to be merely directory, and hence the mere failure to record the same prior to the meeting should not vitiate the action of the meeting, if the calling of it was otherwise regular.

It is urged that the notice did not show that the place where the meeting was held was in the town of Decatur. But it did state that it was made upon the request of voters of that town, and was for the purpose of giving direction to the supervisors of that town.   This would seem to be sufficient to indicate that it was to be in the town, and hence

it must be assumed that such voters knew the place where the hall in question was located. The purposes of the notice seem to have been specified with sufficient particularity, and it seems to have been posted and published in time. The inspectors of the meeting and the person appointed by them to act as clerk, in the absence of the regular clerk, all seem to have qualified and performed their duties substantially as required by the statutes. Secs. 793–4, R. S. The statute fixed the time of day and manner of opening and closing of the polls. Sec. 796, R. S., as amended by ch. 232, Laws of 1881. The meeting resolved to remain open until five o'clock P. M., and, nothing appearing to the contrary, we must assume that it was opened and closed at the time and in the manner required by the statute. It is urged that the resolutions submitted contained several propositions, which should have been voted upon separately, but there can be no question but what the meeting voted to withdraw the appeal, for that was the form of the ballot cast by nearly all of the voters who voted.

It is urged that the meeting could not control the appeal, and yet at the same time refuse to pay any costs. But the resolution only directed that no costs or attorney's fees be paid, except such as were legal claims against the town. To the extent of such legal claims the meeting did not attempt to, and probably the town could not, escape liability. It is urged, in effect, that because the bond on this appeal was signed by two of the supervisors in office at the time the *mandamus* was issued, and who are, therefore, liable for the costs of this appeal, they should be permitted to control it. It is moreover urged, in effect, that the power of laying out highways is given by statute to the supervisors, and not to town meetings, and that as the supervisors here were brought into court for the purpose of controlling their official conduct, they should be allowed to control the appeal from the judgment against them; or, at least, that the town

meeting should not take the control out of their hands, without first making special provision for the costs which they had incurred.    The argument is plausible, but we think it is fallacious.    This action was not brought against S. C. Pierce and W. E. Gardner (who signed the bond) as supervisors of the town, but, as authorized by statute, was brought against " *The Supervisors of the Town of Decatur.*"    "This clearly means the supervisors of the town, *eo nomine,* without use of their personal names."    *Cairns v. O'Bleness,* 40 Wis., 475. It was, therefore, the town that appealed, and not Pierce and W. E. Gardner.    Had they appealed as individuals, there might have been force in the argument.    They may be liable for costs, but if so, only because they signed the bond as sureties.    Not having appealed as individuals, are they still to be allowed to control an appeal in effect taken by the town, and that, too, against the emphatic protest of the town?    It seems to us that the party taking the appeal has the right to dismiss the appeal, subject, of course, to such taxable costs as may have been incurred.    In the opinion filed herewith in *Tuttle v. Town of Weston,*[1] we have just held that a town meeting has power to compromise an ordinary claim or suit against the town under subdivisions 1 and 2, sec. 776, R. S.

*By the Court.*— For these reasons the appeal is dismissed, with the usual taxable costs against the town.

---

[1] A motion for a rehearing in the case of *Tuttle v. Town of Weston* was denied January 8, 1884.    The case will be reported in 59 Wis.— REP.