PRICHARD and others, Supervisors, etc., Appellants, vs. BIXBY and others, Respondents.

*March 7 — March 27, 1888.*

*(1-3) Drains: Appeal: Commissioners must all act: Jurisdiction: Lia-
bility on bond to pay costs: Witness fees. (4) Towns: Supervis-
ors: Form of judgment.*

1. If one of the commissioners selected under sec. 1362, R. S., upon an appeal from the decision of town supervisors in relation to a drain, fails to appear and qualify, the remaining commissioners have no jurisdiction of the subject matter of the appeal.
2. If, by reason of their want of jurisdiction of the subject matter, the decision of the commissioners on such appeal is a mere nullity, *quære* whether the appellant is liable upon his bond conditioned to pay all costs arising from such appeal in case the determination of the supervisors shall not be reversed. If so liable, he is not liable, in such a case, for the expenses incurred by the supervisors in procuring the attendance of witnesses.
3. *Quære,* whether the expenses of procuring witnesses are in any case covered by the bond of the appellant given under sec. 1362, R. S.
4. An action upon a demand alleged to be due a town was brought by, and judgment for costs therein was rendered against, "G. W. P., F. R. U., and H. H., supervisors of the" said town. *Held,* that the judgment was not a personal judgment against the persons named, but was against the town and could be enforced only in the manner prescribed by sec. 781, R. S.

APPEAL from the Circuit Court for *Dane* County.

This action was brought to recover certain witness fees, the claim for which arose out of the following facts: In September, 1886, the defendant *Bixby* and other citizens of the town of Rutland, having the qualifications prescribed by statute, made application in writing to the supervisors of that town pursuant to sec. 1359, R. S., to lay out therein a certain ditch or drain described in the application. Proceedings were thereupon had pursuant to the statute, which resulted in the making and filing by such supervisors of an

order denying the application. The defendant *Bixby* thereupon took an appeal from the decision of the supervisors pursuant to sec. 1362; and commissioners were duly selected and summoned to meet at a time and place specified in the summons to hear and determine the matter embraced in such appeal. He also filed the bond required by the statute, in which the other defendants, *Soule* and *Nye*, were the sureties.

Four of the commissioners met at the appointed time (the remaining commissioner not appearing), and, by consent of parties, after being duly sworn, proceeded to determine such appeal. They took the testimony of witnesses produced before them, heard arguments, and made and signed their decision in writing, affirming the order of the supervisors. Such decision was duly filed in the office of the town clerk, as required by the statute.

The defendant *Bixby* thereupon paid the fees of the commissioners and justice, and of the constable who served the summons, but refused to pay the fees of certain witnesses produced on the hearing by the supervisors. This action is upon the appeal bond to recover the costs and expenses of procuring the attendance of such witnesses on the hearing of the appeal. The amount claimed is $38.53.

The action was brought before a justice of the peace, and resulted in a judgment for the plaintiffs for $30.14 and costs. The defendants thereupon appealed to the circuit court, where the cause was tried without a jury. The foregoing facts were stipulated, and upon them the court found that the plaintiffs were not entitled to recover. Judgment for costs and disbursements was accordingly rendered for the defendants. The plaintiffs appeal from the judgment.

For the appellants there was a brief by *Lamb & Jones*, and oral argument by *Mr. F. J. Lamb*. They contended, *inter alia*, that the judgment is against *Prichard, Usher*, and *Hanson, de bonis propriis*, and is erroneous for that

reason. *Ladd v. Anderson*, 58 Wis. 591; *Hei v. Heller*, 53 id. 415. Judgment in favor of the plaintiffs for the costs would not be in any sense affirming the decision of the four commissioners. This suit is a distinct and collateral proceeding, and ought to be sustained on each of three grounds: (1) The parties agreed to proceed with four commissioners, without the fifth, and in fact did so. (2) The statute required the bond to provide, and the bond does accordingly provide, that the appellant would pay the town all costs arising on said drain appeal in case the determination of the supervisors *shall not be reversed* (R. S. sec. 1362), and there is no pretense that it was reversed. (3) The decision of the commissioners is involved only collaterally, and until reversed by direct proceedings stands as the decision on the drain appeal.

For the respondents there was a brief by *Luse & Wait*, attorneys, and *C. E. Estabrook*, of counsel, and the cause was argued orally by *Mr. L. K. Luse*.

LYON, J. On the authority of *State ex rel. Luderman, v. Findley*, 67 Wis. 86, it must be held that the decision and order of the four commissioners, in the absence of the fifth who did not appear, is void. It is quite immaterial that the supervisors and the defendant *Bixby* consented that the four might thus act. In the absence of the fifth commissioner there was no jurisdiction of the subject matter, and consent could not confer jurisdiction. This is elementary. Hence the case stands as though the commissioners had made no order, and the decision of the supervisors has been neither affirmed nor reversed. The condition of the bond is that the principal therein, the defendant *Bixby*, shall pay all costs arising from such appeal in case the determination of the supervisors shall not be reversed. But the statute is that "if the determination or judgment of the supervisors shall be affirmed by the decision of the commissioners, the

party appealing from such determination or judgment shall pay all costs and expenses of the proceedings had in the matter." Sec. 1362, R. S. It will thus be seen that while the bond, in form, renders the obligors therein liable for such costs and expenses unless the determination of the supervisors is reversed, the statute seems to make such liability dependent upon an affirmance of such determination. There are very plausible, perhaps good, reasons for holding that, notwithstanding the form of the bond, the statute relieves the obligors from liability unless there is an actual affirmance. We do not find it necessary, however, to determine the question here suggested, but, for the purposes of this case, we choose rather to assume that the failure to obtain a valid determination by the commissioners renders the obligors liable upon their bond according to its terms. This brings us to the question, Does the bond cover and include the expenses of the town in procuring witnesses to testify on the hearing before the commissioners?

The statute (sec. 1363) requires the commissioners to view and examine the lands described in the notice of appeal, and to hear any reasons which may be offered for and against the determination of the supervisors. It also authorizes, but does not require, them to "examine witnesses upon any point relating to the subject matter submitted to them." The commissioners may examine witnesses, or not, in their discretion. Probably in most cases the view of the land and the arguments in behalf of the town and interested parties would give them all the information necessary to an intelligent determination of the appeal, without resorting to the testimony of witnesses. Hence it could not be known in the present case whether the attendance of witnesses would be required until the commissioners had met and indicated their views upon that subject. The attendance of the witnesses in question on behalf of the town was procured on the day appointed in the summons

for the commissioners to meet, and, as a matter of course, before the supervisors could know that their testimony would be called for or received. We think, therefore, that the expenses incurred by the town in that behalf were prematurely incurred. The supervisors should have waited until they ascertained whether the persons named as commissioners would all appear and qualify as such, and whether, after being duly qualified, they would examine any witnesses. By producing their witnesses when they did, they took the risk that the hearing of the appeal might fail for any cause, or that no witnesses would be examined. Hence, if we assume that the bond in suit covers the expenses of witnesses necessarily obtained by the town, it must still be held, for the reasons above suggested, that it does not cover the expenses therefor incurred in the present case.

In view of the fact that the statute provides expressly for the fees of the commissioners, justice, and constable, and is silent in regard to the expenses of procuring witnesses, the argument is quite persuasive that such expenses were not intended to be covered by the bond. But we do not determine the point.

It is claimed on behalf of the plaintiffs that the judgment herein is a personal judgment against the three supervisors named as plaintiffs, upon which the defendants are entitled to an execution *de bonis propriis*, and hence that the judgment is irregular. We do not so understand this judgment. We are of the opinion that the action is substantially by the town of Rutland, or, what is the same thing, by the supervisors of that town in their official capacity, upon a demand alleged to be due the town, and that the action has no feature of a personal action by the supervisors in their individual capacities. The insertion of their personal names as plaintiffs may be rejected as surplusage. The irregularity is harmless. Had other persons become supervisors of

that town pending the action, the suit would not have abated. The judgment is, in form, "against *George W. Prichard, F. R. Usher*, and *Hans Hanson*, supervisors of the town of Rutland, Dane Co., Wisconsin." But the names of the supervisors inserted in the judgment is equally surplusage, and does not render the judgment a personal one against them. It merely follows the summons and complaint, and has no more effect in one than in the other. The foregoing views are sustained by the case of *Cairns v. O'Bleness*, 40 Wis. 469, and cases there cited.

It may be an irregularity that the action was brought in the name of the supervisors, instead of the town of Rutland (see sec. 773, R. S.); but, if so, it was committed by the plaintiffs, and they cannot be heard to complain of it. We are of the opinion that the judgment, although in form against the supervisors, is substantially against the town, and that it can be enforced only in the manner prescribed by sec. 781, R. S.

Our conclusion is that the case was correctly decided by the circuit court, and hence that the judgment should not be disturbed.

*By the Court.*— Judgment affirmed.