JOINT FREE HIGH SCHOOL DISTRICT, etc., Appellant, vs. THE TOWN OF GREEN GROVE, Respondent.

*September 25 — October 14, 1890.*

*Joint school district: Failure of town to raise its share of expenses: Remedy.*

To enforce the obligation of a town to raise by taxation its share of the amount required for the support of a joint free high school, the remedy is not by action to recover such share as a claim against the town, but by *mandamus* to compel the levy and collection of the tax.

APPEAL from the Circuit Court for *Clark* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, that prior to March, 1885, the towns of Hull and Colby were duly organized towns adjoining each other, the former in Marathon county, and the latter immediately west of it in Clark county. That at the annual town meeting in each of said towns, April 7, 1885, in pursuance of due notice previously given by the

supervisors of said towns, respectively, a resolution was adopted by a majority of the electors of said towns, respectively, of which the following is a copy, to wit: "Resolved, by the undersigned supervisors of the towns of Hull and Colby, that the said towns unite in establishing and maintaining a free high school, and that the question of establishing and maintaining the said free high school aforesaid be submitted to the legal voters of said towns for adoption or rejection at the annual town meeting to be held on April 7, A. D. 1885." That said votes were by ballots, which were thereupon canvassed and the result of the same duly certified to the clerk of each of said towns, April 14, 1885. That, April 27, 1885, at an election duly noticed and held for that purpose by the qualified electors of said towns, officers were duly elected as follows: Clerk, treasurer, and director,— and the same constituted the free high school board of said joint free high school district, and the persons so elected duly qualified as such officers. That the said joint free high school district has ever since kept up its organization as such, and maintained said high school in pursuance of the objects and purposes thereof. That on or about March 30, 1887, the said town of Colby was divided, and out of the territory constituting the westerly portion thereof was created the town of *Green Grove*, and which last-named town became and was fully organized, April 5, 1887, and ever since that time has been and now is a duly organized and incorporated town in said Clark county. That said town of *Green Grove* is legally liable to contribute to and for the support of said high school in the proportion that the value of the taxable property in said town bears to the value of all the taxable property in said joint school district. That the said high school board met and determined that the amounts necessary to be raised in the district for the support of said school for the several years, 1887–88, 1888–89, and 1889–90, were the respective sums, to wit, of $2,000 for the first year, and $1,250 each for the

second and third years, and thereupon certified said several amounts together with the proportionate share of said amounts to be raised by said town of *Green Grove* for each of said years, to wit, $395.40 for the first year, $240 for the second year, and $236.50 for the third year, and then and there caused the proper certificate of the board, certifying the same, to be delivered to the clerk of that town as provided by law. That such proportionate share was in each of said cases ascertained and determined according to the total valuation of all the taxable property of said town as equalized by the town board of review. That the town clerk of said *Green Grove* had refused and neglected to assess the several sums so certified, or any of said sums, on any tax roll of said town for either of said years, although often requested so to do. That the defendant denies all liability for the support of said joint district school. That a statement of said claim was made and filed with the town clerk of *Green Grove*, March 25, 1890, to be by the said clerk laid before the board of audit of said town at its next annual meeting. That more than ten days had elapsed since said annual town meeting, and no part of said claim or claims had been allowed by the electors of said town meeting, and that no part thereof had been paid. The complaint demanded judgment for the aggregate amount of the three sums so apportioned to the defendant, to wit, the sum of $871.90, with interest and costs.

To that complaint the defendant interposed a general demurrer, which was sustained by the court; and, the plaintiff not desiring to amend the complaint, the judgment dismissing the complaint was entered at the same time the demurrer was sustained. From that judgment the plaintiff appeals.

For the appellant there was a brief by *R. B. Salter* and *Cate, Jones & Sanborn,* and oral argument by *D. Lloyd Jones.*

*James O'Neill,* for the respondent.

CASSODAY, J. It is claimed on the part of the defendant that when, in April, 1887, the township of *Green Grove* was created and organized out of the western portion of the territory which had previously constituted the township of Colby, such territory as was thereupon comprised in such new town ceased to be a portion of such joint free high school district, and hence no longer was obliged to contribute to the support of such high school.

The statute provides for the formation of joint common school districts. Sec. 415, R. S. It also provides that every school district organized pursuant to the chapter on common schools shall be a body corporate and possess the usual powers of a corporation for public purposes. Sec. 417, R. S. Those sections both existed long prior to the statute authorizing the establishment of free high schools, which was not enacted until 1875. Sec. 490, S. & B. Ann. Stats. Such sections, therefore, are to be construed as a continuation of such laws, and not as new enactments. Sec. 4985, R. S.; *Thompson v. Milwaukee,* 69 Wis. 494; *State ex rel. Bergenthal v. Bergenthal,* 72 Wis. 319. The statute for the alteration of joint common school districts by boards of two towns was not enacted until 1882. Sec. 419*a*, S. & B. Ann. Stats. The statute relating to free high schools provides that "two or more adjoining *towns* may unite *in establishing and maintaining* any such high school." Sec. 491, Id. The statutes also provide how, and the conditions upon which, aid may be obtained from the state. Secs. 491*a*, 491*b*, 494–496, Id.

In an opinion of the learned state superintendent upon the question here involved, he refers to the fact that, while there is no express provision in the statutes for the discontinuance of a free high school, yet there are three or four indirect ways by which, under the sections of the statute cited, such school may cease to be a free high school in any such sense as to entitle it to participate in the state aid. He then maintains that such joint free high school is not,

under the statutes, a body corporate, but can only be maintained, if at all, through the agencies of the towns composing the same. He further maintains that upon the creation of the defendant town it ceased to be any part of said joint free high school district. It is certain that the statute does not expressly declare such joint free high school district to be a body corporate. If it be so at all, it is merely by implication or construction. The statute provides that the officers of each such district shall be a director, treasurer, and clerk, to be elected at the annual town meeting or charter election, but is silent as to the manner of proceeding in case of such election, or whether the election is to be by one or more towns or the territory comprising such joint free high school district. Sec. 492, S. & B. Ann. Stats. The statute merely provides that the high school board and the officers thereof shall conduct the affairs of such high school district on the same general plan provided for school districts, and have and possess, with respect to such high school district, all the powers, including such as may be conferred by vote of a district meeting, and be charged with all the duties conferred and imposed on the district officers and district board of a school district, applicable to such high school district. Sec. 493, S. & B. Ann. Stats. We agree with the state superintendent that our free high school system "is crude, deficient, and complicated, and greatly needs revision;" and we have referred to the several provisions of the statutes for the very purpose of calling the attention of the coming legislature to the matter. The view we have taken of this case makes it unnecessary that we should here determine whether the plaintiff is a body corporate with the right to sue or not; nor whether in case it be such body corporate the town of *Green Grove* is included in it. What is here said, therefore, will be upon the assumption that the plaintiff is a body corporate, and that the defendant town constitutes a part of it.

This is an action at law, pure and simple. The complaint

Joint Free High School District vs. The Town of Green Grove.

demands a money judgment and nothing more. It is not based upon any contract, express or implied, nor upon any tort. The whole theory of the complaint is that certain officers, and particularly the town clerk of the defendant town, had neglected and refused to perform their official duty in the matter of levying and collecting the defendant's proportionate share of the taxes for the maintenance and support of the high school in question for the several years named. It is purely a question of law, upon the facts stated, whether such officer or officers were charged with such official duty, and hence required to perform the same. If they were not, then the plaintiff is wholly without remedy. If they were, then *mandamus* is the only effectual remedy to enforce the performance of such official duty. *School Dist. No. 2 v. School Dist. No. 1*, 3 Wis. 333; *State ex rel. Ordway v. Smith*, 11 Wis. 65; *State ex rel. Van Vliet v. Wilson*, 17 Wis. 687; *Labette Co. Comm'rs v. Moulton*, 112 U. S. 217; *Harshman v. Knox Co.* 122 U. S. 306; *Comm'rs v. Loague*, 129 U. S. 493. In other words, the facts alleged do not present a case calling for damages, but one, if at all, calling for the enforcement of an official duty. The learned counsel for the plaintiff contends that, if the plaintiff has the right to the extraordinary remedy by *mandamus*, then it necessarily has the milder remedy by this action at law; but, as indicated, the facts alleged are not such as authorize a money judgment. On the contrary, and upon the assumption indicated, they call for a judgment compelling the officers of the town to perform their official duty. Anything short of that would be no remedy.

*By the Court.*— The judgment of the circuit court is affirmed.