CITY OF COLUMBUS, Respondent, vs. TOWN OF FOUNTAIN PRAIRIE, Appellant.

*February 1—February 18, 1908.*

*Actions: Duties and liabilities created by statute: Schools and school districts: Free high schools: Corporate existence: Nonresident scholars: Tuition: Liability: Pleading: Complaint: Parties: Demurrer: Appeal and error: Appealable orders: Action by municipality: Costs.*

1. Where duties and liabilities created rest solely upon statute, in all actions based on obligations thus created the party plaintiff must bring himself within the terms of the statute.
2. Ch. 188, Laws of 1901, as amended by ch. 329, Laws of 1903, authorizing persons of school age who may reside in any town or incorporated village, not within a free high school district, to attend a free high school, and providing for the payment and collection of tuition at specified rates, is a valid exercise of legislative power.
3. Under ch. 188, Laws of 1901, as amended by ch. 329, Laws of 1903, the tuition payable by scholars nonresident of the free high school district where they attend school is payable to the high school district in which the instruction is afforded, and the mere fact that the boundaries of the free high school district may be coterminous with those of a city does not merge the corporate personality of the free high school district into that of the city.
4. Secs. 417, 493, Stats. (1898), and other statutory provisions, stated in the opinion, indicate a legislative intent to treat a free high school district as a *quasi*-corporation, a somewhat independent unit of school government, whose corporate identity is not merged in that of any town, city, or village.

5. In an action prosecuted by a city to collect from a town tuition payable on account of scholars, resident of the town, who have attended a free high school maintained in such city, an averment in the complaint that at the times mentioned the city was conducting and maintaining a free public and accredited high school under the laws of the state is construed to mean that the city had established a free high school district by vote in the manner required by law.

6. In such action the district should be the plaintiff, and a general demurrer on the ground that the city had no right of action against the town under the statute (ch. 188, Laws of 1901, as amended by ch. 329, Laws of 1903) should have been sustained.

7. On appeal a demurrer must be considered as directed against the complaint as the latter stood at the time the demurrer was interposed, and not as directed against the complaint as amended by order of the court at the time of and as part of an order overruling the demurrer.

8. In an action prosecuted by a city to collect from a town tuition payable on account of scholars resident of the town who had attended a free high school maintained in such city, on overruling a demurrer the court ordered that "the board of education" of such city be made a party plaintiff. *Held*, that the part of the order bringing in as a party the board of education is not appealable.

9. All actions by or against a municipality go on the right or liability of the corporation, not that of its officers.

10. On appeal from an order overruling a demurrer that part of the order imposing costs falls with the reversal of the order.

Appeal from an order of the circuit court for Columbia county: Chester A. Fowler, Circuit Judge. *Reversed.*

The appeal is from an order overruling a demurrer to the complaint and permitting "the board of education of the city of *Columbus*" to be joined as a party plaintiff.

For the appellant there were briefs by *Tenney, Hall & Tenney* and *Geo. W. Stephens,* and oral argument by *F. W. Hall.*

*Daniel H. Grady,* for the respondent.

Among other references upon the part of the appellant were the following: Const. art. X, sec. 3; secs. 417, 474, 490, 492, 493, 495, Stats. (1898); *Joint Free High School Dist. v. Green Grove,* 77 Wis. 532, 46 N. W. 895; *State ex rel.*

*Free High School Board v. Lamont,* 86 Wis. 566, 57 N. W. 369; ch. 188, Laws of 1901; ch. 329, Laws of 1903 ; *State ex rel. McCurdy v. Tappan,* 29 Wis. 664, 672; *Hasbrouck v. Milwaukee,* 13 Wis. 37; *State ex rel. Board of Ed. v. Haben,* 22 Wis. 660; Const. art. VIII, sec. 1; secs. 2610, 2611, Stats. (1898) ; *Mash v. Bloom,* 126 Wis. 385, 105 N. W. 831; *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851; 15 Ency. Pl. & Pr. 527; 1 Chitty, Pl. 11; 5 Ency. Pl. & Pr. 731; ch. 132, Laws of 1876; ch. 354, Laws of 1897; secs. 7, 14, subch. XII, ch. 181, Laws of 1883 (City Charter) ; *State ex rel. Comstock v. Joint School Dists.* 65 Wis. 631, 27 N. W. 829.

Among other references upon the part of the respondent were the following: City Charter (Laws of 1883, ch. 181), subch. XII, secs. 1, 2, 7, 8, 9, 13, 14; Id. subch. IV, sec. 6; Id. subch. VI, sec. 2; *Walworth Co. v. Whitewater,* 17 Wis. 193; *Janesville v. Markoe,* 18 Wis. 350; *State ex rel. deForest v. Hobe,* 124 Wis. 8, 102 N. W. 350; 20 Am. & Eng. Ency. of Law (2d ed.)· 1138; *Mead v. Bagnall,* 15 Wis. 156; *State ex rel. Gates v. Comm'rs,* 106 Wis. 584, 82 N. W. 549; *Gross v. Heckert,* 120 Wis. 314, 97 N. W. 952; *Meyer v. Barth,* 97 Wis. 352, 72 N. W. 748; 19 Am. & Eng. Ency. of Law (2d ed.) 793; *Ackley v. Vilas,* 79 Wis. 157, 48 N. W. 257; *Outagamie Co. v. Greenville,* 77 Wis. 165, 45 N. W. 1090; *State ex rel. Worcester v. Nelson,* 105 Wis. 111, 80 N. W. 1105; *Fox Lake v. Fox Lake,* 62 Wis. 486, 22 N. W. 584; *U. S. ex rel. Redfield v. Windom,* 137 U. S. 636, 11 Sup. Ct. 197; *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672, 70 N. W. 300; *State ex rel. Coffey v. Chittenden,* 112 Wis. 569, 88 N. W. 587; *State ex rel. Superior v. Hunter,* 111 Wis. 582, 87 N. W. 485; *La Crosse v. Melrose,* 22 Wis. 459; *Scott v. Clayton,* 51 Wis. 185, 8 N. W. 171; *Black v. C. & N. W. R. Co.* 18 Wis. 208; *Fopper v. Wheatland,* 59 Wis. 623, 18 N. W. 514; *Hein v.*

*Fairchild,* 87 Wis. 258, 58 N. W. 413; *Laird v. Otsego,* 90 Wis. 25, 62 N. W. 1042; 20 Ency. Pl. & Pr. 1021, 1026, 1052; *Gager v. Marsden,* 101 Wis. 598, 77 N. W. 922; *Wechselberg v. Michleson,* 105 Wis. 452, 81 N. W. 657; *Smith v. Scott,* 93 Wis. 453, 67 N. W. 705; *Reinhart v. Fire Asso.* 93 Wis. 452, 67 N. W. 701; *Cook v. Menasha,* 95 Wis. 215, 70 N. W. 289; *Nat. D. Co. v. Seidel,* 103 Wis. 489, 79 N. W. 744; *McKenney v. Minahan,* 119 Wis. 651, 657, 97 N. W. 489; *State ex rel. School Dist. v. Thayer,* 74 Wis. 48, 41 N. W. 1014; *State ex rel. Smith v. Eau Claire,* 96 Wis. 95, 71 N. W. 123; *Lund v. Chippewa Co.* 93 Wis. 640, 67 N. W. 927; *State ex rel. New Richmond v. David-son,* 114 Wis. 563, 88 N. W. 596, 90 N. W. 1067; *Kelly v. Pittsburgh,* 104 U. S. 78; Elliott, Mun. Corp. §§ 46, 164; 27 Am. & Eng. Ency. of Law (2d ed.) 631, 632, 886; *Read v. Plattsmouth,* 107 U. S. 568, 2 Sup. Ct. 208; *State ex rel. Baraboo v. Sauk Co.* 70 Wis. 485, 36 N. W. 396; *Curtis's Adm'r v. Whipple,* 24 Wis. 350; *Knowlton v. Rock Co.* 9 Wis. 410; *Soens v. Racine,* 10 Wis. 271; *Meyer v. Prairie du Chien,* 9 Wis. 233; *Dakota v. Winneconne,* 55 Wis. 522, 13 N. W. 559; *Portage v. Neshkoro,* 109 Wis. 520, 85 N. W. 414; 22 Am. & Eng. Ency. of Law (2d ed.) 1000.

TIMLIN, J.   The city in its complaint averred its corporate organization and existence and that of the defendant; that the plaintiff was at the times mentioned in the complaint conducting and maintaining a free and accredited high school under the laws of this state, and defendant conducted a system of public district schools, but had within its limits no free high school.   During the school year of 1902 and 1903, ending June 12, 1903, certain persons of school age, residing in the defendant town and otherwise qualified, entered the free high school of said plaintiff.   June 13, 1903, the secretary of the free high school board of plaintiff made a sworn statement to the clerk of the defendant, setting

forth the residence, name, age, and number of months in attendance during the preceding year of each person so admitted from the defendant town, also showing the amount of tuition which, under the laws, the plaintiff was entitled to receive from each such person and the aggregate sum for tuition for all persons so admitted, and filed this statement as a claim against the defendant town. A copy of this statement is annexed to and made a part of the complaint. Thereafter on March 8, 1905, the secretary of the free high school board of the plaintiff made a sworn statement to the town clerk of defendant, setting forth the residence, name, age, and date of entrance to such school, and the number of months' attendance during the preceding school year, of each such person so admitted from said town, and showing the amount of tuition which under the laws of the state of Wisconsin the plaintiff was entitled to receive for each such person and the aggregate sum for tuition for all such persons. This statement was filed as a claim against the defendant town and a copy of it is annexed to and made a part of the complaint. It is then averred that the city of *Columbus,* its school board, agents, and others have each and all fully complied with the provisions of ch. 188, Laws of 1901, and with all amendments thereto applicable to the subject matter referred to in the complaint, and have duly performed all the conditions upon their part to be performed. The claim was disallowed by the town board more than ten days before the action was commenced.

The original charter of *Columbus* provided (subch. XII, ch. 57, Laws of 1874) for the election for a term of three years by the mayor and common council of one person on the first Monday in July, 1875, another on the first Monday in July, 1876, and another on the first Monday in July, 1877, and one annually thereafter. These persons were known as "school commissioners," and formed the "board of education of the city of *Columbus.*" Ch. 181, Laws of

1883, purported to revise, codify, and amend ch. 57, Laws of 1874, and provided merely for the election annually by the common council at its regular meeting in May of one school commissioner, who should hold office for three years, but recognized the then existing board by other provisions. Among the duties of this board is that of deciding upon the number of teachers to be employed, the grade of school to be kept by each, the amount of salary to be paid to each teacher, to make contracts with school teachers, to arrange and determine terms and vacations in all public schools, to establish rules and regulations for schools not in conflict with the laws of this state, to make contracts for fuel, stationery, and articles of furniture, to submit to the common council annually in October a report showing the amount of teachers' wages that have accrued and become due during the preceding year and the amount of indebtedness accruing on contract or otherwise that has been made by order of the board of education, with an estimate of the amount required for carrying on the schools for the ensuing year. This board reports to the common council the necessity for repairs on school houses exceeding $100 in cost. It reports also its opinion upon the necessity of an additional school house or school sites with estimates of the cost of the sites, and a plan of the proposed building with estimate of cost of the same. It audits each and every indebtedness of the city for school purposes and issues orders therefor on the city treasurer paid out of the school fund and signed by the president and secretary of the board. All money received or raised in the city of *Columbus* for school purposes is to be distributed only on such orders of the board of education. The city council has to some extent a superintending control over the board of education. The title to all school houses and school property is vested in the city. The charter provides that the state board of education shall have power to permit the children of persons not residents of said city to attend in either

of the schools therein under the care and control of the board of education upon such terms as said board shall by resolution prescribe, fixing the tuition which shall be paid therefor. Permits to so enter the school shall be issued by the city superintendent of schools, who shall report his action in so doing to the board of education; and he shall not issue any greater number of permits than may be authorized or sanctioned by the board of education. All permits must specify the amount to be paid by such nonresident pupil, and no such pupil shall be admitted to any school of the city until he has exhibited the receipt of the city treasurer that the amount specified in such permit has been paid to the treasury. All money so received for tuition becomes a part of the school fund of the city. No general law of the state contravening the provisions of the charter is to be considered as repealing, annulling, or modifying the same, unless such purpose be expressly set forth in such law. Sec. 13, subch. XIII, ch. 181, Laws of 1883.

In considering whether or not the complaint states a cause of action in favor of the city against the defendant town the preliminary question is whether the facts averred in the complaint show a right on the part of the plaintiff, a city, to maintain the action given by statute. Ch. 188, Laws of 1901, as amended by ch. 329, Laws of 1903. The duties and liabilities here created rest solely on statute. In this as in all actions based on obligations created by statute the party plaintiff must bring himself within the terms of the statute. The statute in its latest form requires the free high school board of any free high school district organized under the laws of this state to admit to the high school under its control, whenever the facilities for seating and instruction will warrant, any person of school age prepared to enter such school who may reside in any town or incorporated village but who does not reside within any free high school district and who shall possess certain qualifications. This imposes

the duty on the high school board of a free high school district. Sec. 2 of this act authorizes such free high school board of that district to charge a tuition fee for such pupil not to exceed fifty cents per week. The secretary of the free high school board is to make a sworn statement to the clerk of the city, town, or village from which any person may have been so admitted to said free high school. The requirements of that statement are stated, among them the following:

"This statement shall show the amount of tuition which, under the provisions of this act, *the district is entitled to receive* for each person reported as having been a member of the school from such city, town, or village," etc.

The claim so filed is to be allowed as other claims are allowed, and the clerk of the town liable to enter upon the tax roll of the town for the ensuing year such sums as may be due for tuition on account of the residents of the town who have attended the free high school or schools. Provision is made for the act of the clerk of a town or city, a portion of which constitutes or forms a part of the free high school district, with reference to entering on the tax roll against that part of the town or city not within the free high school district but from which tuition is due, etc. Under this statute the municipality, or part of a municipality, having no high school, but in which certain qualified persons reside, is made liable for the high school tuition of such persons at a rate not to exceed fifty cents per week for these qualified residents who desire to obtain a high school education in any of the free high schools of the state.

We have no reason to doubt that this is within the power of the legislature. It is in effect the contribution of this town or portion of a town which has no free high school to the support and maintenance of the free high school in another town or city otherwise supported by the taxpayers of the district in which the high school is situated. But the statutory liability thus created is to the free high school dis-

trict. The statement, which is the foundation of the claim, is required to show the amount of tuition which the district is entitled to receive. The amount, when collected, is to be paid over to the treasurer of the free high school district or districts where such persons have attended. The mere fact that the boundaries of a free high school district may be coterminous with those of the city does not merge the corporate personality of the high school district into that of the city. In the law they are separate corporate entities, although not of equal rank. Sec. 493, Stats. (1898), requires the officers who constitute the high school board to conduct the affairs of the high school district on the same general plan provided for a school district, and declares that with respect to such high school district they possess all the powers and are charged with all the duties conferred and imposed by the statutes on the district officers and district board of a school district applicable to such high school district. By sec. 417, Stats. (1898), a school district lawfully organized is declared to be a body corporate and to possess the usual powers of a public corporation. Later statutes relating to high school districts authorize the borrowing of money (ch. 342, Laws of 1901), the receipt of state aid (ch. 214, Laws of 1899, and ch. 345, Laws of 1901), the determination of the amount necessary to be raised by tax for the support of the high school and the power to certify the same to the proper town, city, or village clerk—sec. 495, Stats. (1898),—all of which indicates a legislative intent to treat the high school district as a *quasi*-corporation, a somewhat independent unit of school government, whose corporate identity is not merged in that of any town, city, or village. *Joint Free High School Dist. v. Green Grove,* 77 Wis. 532, 46 N. W. 895; *State ex rel. Free High School Board v. Lamont,* 86 Wis. 566, 57 N. W. 369.

The averment in the complaint, therefore, that the city of *Columbus* was at the times mentioned conducting and main-

taining a free public and accredited high school under the laws of this state must be construed to mean that the city established a high school district by vote in the manner required by law. Sec. 490, Stats. (1898); sec. 1, ch. 323, Laws of 1875; ch. 132, Laws of 1876; ch. 245, Laws of 1879; ch. 354, Laws of 1897. If the city has not established such a high school district it is not entitled to enforce any statutory liability against the town under ch. 188, Laws of 1901, as amended by ch. 329, Laws of 1903. If it has established such district that district ought to be the plaintiff. The mere fact that the city treasurer is *ex officio* treasurer of the high school board and that the money goes into the city treasury is not significant if a high school district has been established. The demurrer must be considered as directed against the complaint as the latter stood at the time the demurrer was interposed, and not as directed against the complaint as the latter is amended by order of court at the time of and as part of the order overruling the demurrer. *Gooding v. Doyle, post,* p. 623, 115 N. W. 114. It follows that the demurrer to the complaint should have been sustained on the ground that the city of *Columbus* has no right of action against the town of *Fountain Prairie* under the statute in question, and consequently no right of action at all to recover for this tuition.

That part of the order which brings in as a party the board of education of the city of *Columbus* is not appealable. But it is suggested that it might be well to consider whether, in case a free high school district exists, such district could recover upon this statutory liability in the name of "the board of education of the city of *Columbus*." In *La Crosse v. Melrose,* 22 Wis. 459, where a statute provided that, in actions for the town, supervisors should sue by their name of office, but instead the town was named as defendant, it was said that the objection was formal and unsubstantial. But it was pointed out in *Pine Valley v. Unity,* 40 Wis. 682, that

this remark was erroneous because the statute referred to had no reference to actions of that class, and it was said that all actions by and against towns go on the right or liability of the corporation, not of its officers.    See, also, *Cairns v. O'Bleness,* 40 Wis. 469 ; *Prichard v. Bixby,* 71 Wis. 422, 37 N. W. 228 ; *State ex rel. Mitchell v. Decatur,* 58 Wis. 291, 17 N. W. 20 ; *Oconto Co. v. Hall,* 42 Wis. 59.    See 5 Ency. Pl. & Pr. 62 *et seq.*

That part of the order imposing costs on the defendant falls with the reversal of the order overruling the demurrer, and the cause should be remanded with directions to sustain the demurrer to the complaint by order in the usual form.

*By the Court.*—It is so ordered.

