FREE HIGH SCHOOL DISTRICT OF THE CITY OF COLUMBUS, Respondent, vs. TOWN OF FOUNTAIN PRAIRIE, Appellant.

*October 7—October 28, 1913.*

*Free high schools: Tuition fees of nonresidents: Statement: Sufficiency: Claim on behalf of city instead of district.*

Where the boundaries of a free high school district were coterminous with those of a city, and the clerk of the board of education of the city, pursuant to sec. 496*k*, Stats., filed with the clerk of a town a sworn statement or claim for tuition fees of pupils admitted from the town, such statement, being otherwise sufficient and setting forth all the facts required by said statute, was not fatally defective merely because it appeared upon its face to be a demand on behalf of the city instead of on behalf of the free high school district,—the board of education of the city constituting the free high school board, the clerk of said board being *ex officio* secretary of said high school board, the city treasurer *ex officio* treasurer of the high school board, and the city treasury the treasury of the district.

APPEAL from an order of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *F. W. Hall* and *George W. Stevens,* and oral argument by *Mr. Hall.*

*Daniel H. Grady,* for the respondent.

WINSLOW, C. J.    This is an action by a free high school district to recover of a town fees for the tuition of certain high school pupils, residents of the town, who attended the high school of the district, under the provisions of ch. 188, Laws of 1901 (now secs. 496*j* to 496*o,* Stats.). A former action brought by the city of Columbus for the same cause failed because the right of action was held to be in the school district. *Columbus v. Fountain Prairie,* 134 Wis. 593, 115 N. W. 111.

A general demurrer to the present complaint was overruled below, and upon the present appeal from that ruling but one question will be considered.

Sec. 496*k*, Stats., after providing that a tuition fee not exceeding fifty cents per week may be charged by the high school district, further provides as follows:

"*On or before the first day of July in each year,* the secretary of the free high school board shall make a sworn statement to the clerk of the city, town or village from which any person may have been admitted to said free high school. Said statement shall set forth the residence, name, age and date of entrance to such school, and number of months' attendance during the preceding school year of each person so admitted from such city, town or village; this statement shall show the amount of tuition which, under the provisions of this act, the district is entitled to receive for each person reported as having been a member of the school from such city, town or village, and the aggregate sum for tuition for all persons so admitted from each city, town or village."

It appears by the complaint in the present case that a sworn statement, setting forth all the facts required by this statute, was filed with the clerk of the defendant town in due season by the clerk of the board of education of the city of Columbus, but that the same was in form in behalf of the city of Columbus instead of in behalf of the free high school district of the city of Columbus. The question is whether this notice must be held fatally defective under the provision of the statute quoted because on its face it appeared to be a demand on behalf of the city instead of on behalf of the school district. We have no difficulty in answering this question in the negative. The boundaries of the high school district were coterminous with the boundaries of the city; the board of education of the city constituted the school board of the district; the clerk of the board of education of the city (who gave the notice) was *ex officio* secretary of the high school board, the city treasurer *ex officio* treasurer of that board, and the city

treasury the treasury of the district.    Sub. 2, sec. 492, Stats.;
Laws of 1883, ch. 181.

Thus it appears the notice or claim was given by the proper
person, that it conveyed all the information required by the
statute, and required payment to the proper official.    It could
not mislead the defendant in any particular.    If the tuition
claimed by it had been paid to the city treasurer, such pay-
ment would have constituted a complete discharge though re-
ceipted for by him under that official title instead of under
the title of treasurer of the high school board.    To say that
such a claim was fatally defective because the city was named
as the creditor instead of the high school district (its *alter
ego* for high school purposes) would be to make substance out
of the merest shadow.    The purpose of the law was to make
sure that every town should have complete and seasonable in-
formation as to every claim for such tuition made against it,
not only as to the pupils instructed but as to the high school
where they were instructed.    Confessedly the defendant re-
ceived this information fully and completely.    It knew every
fact which would enable it to ascertain and discharge its lia-
bility.    The essential requirements of the statute were com-
plied with.

*By the Court.*—Order affirmed.