STATE EX REL. MILLER and others, Relators, vs. NIVEN, City Attorney, Defendant.

*May 5—May 25, 1923.*

*Municipal corporations: Sewerage commission of Milwaukee: Power to prescribe as to wages of employees: Minimum wage scale of city: Mandamus: City attorney approving contract.*

1. The sewerage commission of Milwaukee, which was created pursuant to ch. 608, Laws 1913, may—by virtue of sec. 5 of the act, charging it with planning, constructing, and establishing a sewerage system, sub. (f) thereof, empowering it to employ labor and fix wages, and sec. 8, allowing it to insert in specifications of work reasonable and lawful conditions as to hours, wages, and character of workmen to be employed— prescribe as to the wages of workmen to be employed by a contractor engaged to construct sewers, notwithstanding a city ordinance providing a minimum wage scale for laborers on all city work, direct or under contract, the provisions in the contract as to wages not being a violation of the ordinance but superseding it as to the particular work of the sewerage commission.

2. In the absence of legislative restriction, the common council of the city of Milwaukee may by ordinance fix a minimum wage for laborers on city work.

3. The sewerage commission is not a charter body but one created by the legislature and derives its powers and duties direct from the act creating it, and the act, especially empowering the commission to insert in specifications for contract work

reasonable and lawful conditions relating to labor employed by the contractor, takes precedence over the general city charter.

4. The approval by a city attorney of a city contract for the construction of sewers as to form and execution is a ministerial act and may be enforced by *mandamus*.

ACTION under the original jurisdiction of the supreme court, on petition of the sewerage commission of Milwaukee, for a writ of *mandamus* to compel approval by the city attorney of a contract for the construction of sewers.

*Albert B. Houghton* of Milwaukee, for the relators.

*John M. Niven,* city attorney, and *Charles W. Babcock,* assistant city attorney, for the defendant.

The following decision was announced May 25, 1923:

PER CURIAM. It is held that the minimum wage scale fixed by the sewerage commission of the city of Milwaukee is to be inserted in the contracts for work let by the commission and not the minimum wage scale fixed by the common council of the city of Milwaukee.

A writ of *mandamus* as prayed for in the complaint will issue.

An opinion will be filed later.

The following opinion was filed June 5, 1923:

CROWNHART, J. This is an original action in the supreme court for *mandamus* to compel the city attorney of Milwaukee to approve a contract entered into by the sewerage commission of that city with a contractor for the construction of sewers.

On July 24, 1922, the city of Milwaukee by ordinance provided for a minimum wage for laborers in all city work, direct or under contract. The sewerage commission of Milwaukee was created pursuant to ch. 608, Laws 1913. By sec. 5 of that act the sewerage commission was charged

with the duty of projecting, planning, constructing, and establishing a sewerage system for the city of Milwaukee. By sub. (f), sec. 5, the commission was empowered to employ labor, skilled or unskilled, of all kinds and to fix their compensations; and by sec. 8 of the act it was provided that the commission "shall be empowered, if it see fit, to insert in the specifications of any such work reasonable and lawful conditions as to hours of labor, wages, and the residence and character of workmen to be employed by the contractor."

The case as it comes here is simple. We are asked to determine the construction of the provisions above referred to. The minimum wage ordinance of the city of Milwaukee was passed pursuant to the powers of the common council acting for the city in its proprietary capacity. Ch. 608, Laws 1913, is a direct legislative act applying to cities of the first class. It creates under certain conditions a sewerage commission with broad and comprehensive powers. In the absence of legislative restriction this court has held that the common council of the city of Milwaukee is empowered to fix a minimum wage by ordinance for laborers on city work. *Wagner v. Milwaukee, post,* p. 640, 192 N. W. 994. But it would seem to be plain that where the legislature, by direct act, empowers a special commission of the city, thereby created, to do certain things, such act prevails over the city charter. The sewerage commission is not a charter body, but on the contrary it is a body created by the legislature and gets its powers and duties direct from the act creating it. The act of the legislature specially empowered the sewerage commission to insert in the specifications for its contract work reasonable and lawful conditions as to hours of labor, wages, and character of workmen to be employed by the contractor, and therefore it must be considered as taking precedence over the general charter. We do not fail to note that the provision of the act creating the commission

used the words "reasonable and lawful conditions" which might be inserted in the specifications. But it is not claimed, nor can it be, that the provisions inserted in the specifications with reference to wages of workmen are either unreasonable or unlawful unless they are in violation of the minimum-wage ordinance. Holding, as we do, that these provisions are not in violation of the minimum-wage ordinance, but supersede such ordinance as to the particular work of the sewerage commission, it follows that the city attorney was not justified in refusing to approve the contract under the provision of the city charter requiring his approval as to "form and execution." His approval is a ministerial act and may be enforced by *mandamus*.

*By the Court.*—The writ of *mandamus* may issue, granting the prayer of the petitioner and directing the defendant city attorney of Milwaukee to approve the contract of the sewerage commission in question.