H. Schmitt & Son, Inc., Appellant, vs. City of Mil-
waukee and another, Respondents.

*October 17—November 11, 1924.*

*Schools: Jurisdiction of board in letting contracts for school
buildings: Municipal minimum wage ordinance.*

1. Under sec. 7, ch. 459, Laws of 1907, the board of school direct-
ors rather than the common council of a city of the first class
have authority to select sites, adopt plans, and make contracts
for the erection of schoolhouses, although such contracts are
to run in the name of the city, be countersigned by the city
comptroller, and approved by the city attorney.  p. 121.

2. A municipal minimum wage ordinance being sustainable only
as an imposition of terms and conditions by the authorities
having the power to let work for the city, an ordinance en-
acted by the common council and prescribing the minimum
wage for laborers on all public works is not binding on a
schoolhouse contractor whose employment was within the ex-
clusive jurisdiction of the board of school directors.  p. 122.

Appeal from an order of the circuit court for Milwaukee
county: Otto H. Breidenbach, Circuit Judge. *Reversed.*

In July, 1922, the defendant city of *Milwaukee* adopted
a minimum wage ordinance controlling as to labor employed
"in any work done by the city of *Milwaukee,* either new
construction work or repair work on any roads, buildings
or any other public works whatsoever."   It also provided
that all ordinances pertaining to labor are made a part of
all contracts, subcontracts, and agreements thereafter made,
let, or entered into by the city of *Milwaukee.*   It declared
that the purpose of the ordinance is to insure a living wage
to all laborers employed on all city work.

In July, 1923, a wage scale was fixed under such ordi-
nance, taking effect as of June 1st, and among other things
fixing the minimum pay of laborers at seventy-five cents
per hour.   (This was sustained in the case of *Wagner v.
Milwaukee,* 180 Wis. 640, 192 N. W. 994.)

Subsequent to the fixing of such wage scale and on Sep-
tember 10, 1923, the plaintiff, a corporation engaged in the
general contracting business, made a written contract with

the board of school directors in the name of the city of *Milwaukee* to furnish the necessary materials and labor for the masonry in the erection of a school building in the Twentieth ward of said city. In the specifications and general conditions given for the consideration of bidders for such work, attention was called to prior resolutions adopted by the board of school directors limiting the hours of daily service of laborers and mechanics and establishing $2 as the minimum wage to be paid any laborer or mechanic so employed for the eight hours of daily service, and that bidders must base their proposal on such resolutions.

The plaintiff proceeded under such contract and alleges entire compliance with such resolution of the board of school directors except that it has not at all times paid to common laborers the sum of seventy-five cents per hour, the rate fixed by the aforesaid city ordinance.

The complaint prayed for an injunction to restrain the said city and the city attorney from attempting to enforce any of the penalties provided for in the aforesaid ordinance for any violations thereof, on the grounds that plaintiff has no adequate remedy at law and would be subjected to a multiplicity of suits and proceedings in the district court of Milwaukee county. The complaint further alleged the various grounds on which it was claimed the ordinance of the defendant city did not apply to or control the work being done by the plaintiff under its contract with the board of school directors.

The trial court sustained the general demurrer of the defendants to the complaint, and plaintiff has appealed.

For the appellant there was a brief by *Kaumheimer & Kenney,* attorneys, and *Leon B. Lamfrom,* of counsel, and oral argument by *Mr. Leon E. Kaumheimer* and *Mr. Lamfrom,* all of Milwaukee.

For the respondents there was a brief by *John M. Niven,* city attorney, and *Charles W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

ESCHWEILER, J.　The proposition whether the city ordinances and wage scale recited in the foregoing statement of facts are binding on the board of school directors of the same city, superior to and controlling over any express or implied contrary provisions in any contract made by such board for the erection of a school building, embraces the one question here presented.

It must be conceded that the board of school directors rather than the common council have delegated to them under the statutes as they now stand the authority and power to select sites, adopt plans, and make contracts for the erection of schoolhouses in said city.　This is so although the statutes require that such contracts shall run in the name of the city, shall be countersigned by the city comptroller and approved by the city attorney.

This legislative authority is found in ch. 459, Laws of 1907, sec. 7 whereof provides, among other things, that such board of directors is authorized and required to establish and organize so many public schools, in addition to those already there, as may be necessary for the accommodation of the children of the city entitled by the constitution and laws of the state to instruction therein.　The same section expressly provides that such board shall erect, purchase, hire, or lease buildings for the accommodation of the public schools of such city.

It cannot be questioned, on the other hand, that the common council, under the city charter and the law, has, on its part, the exclusive power to provide for the erection of public buildings other than schoolhouses in said city.

The city ordinances and wage scale here involved were declared valid in the case of *Wagner v. Milwaukee,* 180 Wis. 640, 192 N. W. 994.　It was there upheld squarely upon the doctrine announced in *Milwaukee v. Raulf,* 164 Wis. 172, 159 N. W. 819, sustaining an ordinance limiting the hours of employment on public work done for the city. Those cases as well as others on the same subject in this

court and elsewhere are predicated upon the proposition that a city, as to contracts for public buildings which the city erects in its proprietary capacity, may, the same as a private individual or corporation, declare, within reasonable limitations at least, the terms and conditions upon which and under which work being done for it shall be performed.

Such ordinances, therefore, must be considered from that viewpoint and with that foundation, rather than as ordinances passed by the same common council in the exercise of the so-called police power for the general welfare.

In this case the power to make this particular contract is not in the common council but in the board of school directors. The latter, not the former, have had delegated to them the function and power of making this contract, and in the legitimate exercise of such power they cannot be interfered with or controlled by regulations or conditions which may be prescribed by the common council for buildings over which they in turn have exclusive power and control. The lines between the two are clearly marked and defined, and within their respective provinces neither can be controlled by the other. To hold otherwise and to sustain respondents' contention would logically and necessarily permit the common council to dictate to the school board as to any other and all conditions of contracts for school buildings and would thereby permit the common council to do indirectly the very thing that the legislature has expressly directed shall be done by the school board.

We see no substantial distinction between the situation here and that presented in *State ex rel. Miller v. Niven*, 180 Wis. 583, 194 N. W. 30. There it was held that the same ordinance here in question was not controlling over nor made a part of contracts entered into by the sewerage commission of that city acting under the authority given by ch. 608, Laws of 1913, even though such contract as the one here was required to be in the name of and on behalf of the city and to be approved of by the city attorney as to

form and execution. That express power was given in that chapter 608, *supra,* to the sewerage commission to make specific provisions in its contracts as to hours of labor and wages does not make a substantial difference from the case at bar. That the legislature deemed it proper as to such special body as was there created to give express authority to so provide, in no wise militates against the construction here given to the broad and general language in the exclusive grant of the contract power to the school board to erect schoolhouses.

This disposition of the case makes it unnecessary to pass upon or express any opinion upon the question presented and argued as to the precise legal status of the school district as such, or to consider or apply what has been said in such cases as *Columbus v. Fountain Prairie,* 134 Wis. 593, 115 N. W. 111; *Free High School Dist. v. Fountain Prairie,* 154 Wis. 564, 143 N. W. 657; *State ex rel. Hathaway v. Mirlach,* 174 Wis. 11, 182 N. W. 331.

It follows from what has been said that the demurrer to the complaint should have been overruled for the reason that the ordinance of the city of *Milwaukee* relied upon by the respondents did not control or govern as to this contract by the school board for the erection of a school building in the city of *Milwaukee.*

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.