84    SUPREME COURT OF WISCONSIN.    [FEB.

State ex rel. Harbach v. Mayor, etc. 189 Wis. 84.

STATE EX REL. HARBACH, Petitioner, vs. MAYOR AND COMMON COUNCIL OF THE CITY OF MILWAUKEE, Respondents.

*November 16, 1925—February 9, 1926.*

*Schools: Control by cities: Home-rule amendment: Education not a matter of local concern: Constitutional law: Statute increasing taxation for maintaining schools: Validity.*

1. The "home-rule" amendment to sec. 3, art. XI, of the state constitution imposes no limitation upon the power of the legislature to deal with education, and this entire subject remains with the legislature. The repair of school buildings in a city of the first class, therefore, does not constitute the "local affairs" of said city, and ch. 285, Laws of 1925, raising the limit of taxation for repairing and maintaining school buildings and equipment, is valid. p. 90.
2. Though the boundaries of a school district may be coterminous with those of a city, there is no merger of the school-district affairs with the city affairs, as the two units of government remain separate and distinct for the purpose of exercising separate and distinct powers and for the accomplishment of separate and distinct purposes. p. 90.

MANDAMUS to the mayor and common council of the city of Milwaukee.

For the petitioner there was a brief by *Wehe & Landry*, attorneys, and *Benjamin Poss*, of counsel, all of Milwaukee, and oral argument by *Mr. Waldemar C. Wehe* and *Mr. Poss.*

*John M. Niven*, city attorney, and *Clifton Williams*, special assistant city attorney, for the respondents.

Separate briefs were also filed by *Walter H. Bender* of Milwaukee, *Frank R. Bentley* of Baraboo, *Charles E. Hammersley* of Milwaukee, and *William F. Hannan* of Milwaukee, as *amici curiæ.*

The following opinion was filed December 8, 1925:

OWEN, J. This action was instituted in this court upon the petition of *Frank M. Harbach,* secretary of the board

of school directors of the city of Milwaukee, praying for a
writ of *mandamus* compelling the mayor and common coun-
cil of the city of Milwaukee to levy a certain tax for the
repair of school buildings in said city.

Ch. 247, Laws 1921, made it the duty of school boards
in cities of the first class to report to the common council
the amount of money required for the next fiscal year for
the repair and keeping in order of school buildings, fixtures,
and the repair of broken and worn-out furniture, the mak-
ing of material betterments to school property, and the pur-
chase of the necessary additions to school sites. It then
made it the duty of the common council to levy and collect
a tax equal to the amount of money required by the board
of education for such purpose, provided that such tax should
not exceed eight tenths of a mill upon the dollar of the
total assessed valuation of the taxable property of the said
city. Ch. 285, Laws 1925, amended ch. 247, Laws 1921,
by changing the limit of taxation for such purpose from
eight tenths of one mill to one mill.

The petition sets forth that by virtue of his office as sec-
retary of the board of school directors of the city of Mil-
waukee he caused an examination to be made of the various
school buildings to ascertain the repairs required to be made
on said buildings during the year 1926, resulting in an esti-
mate that $750,000 would be required for that purpose;
that the board of school directors requested the mayor and
common council to levy taxes in the sum of $750,000 to be
used for the repair of school buildings in said city; that said
amount exceeds eight tenths of a mill but is less than one
mill of the assessed valuation of the taxable property of
the city of Milwaukee; that the mayor and common council
have evidenced their intention of levying a tax equal only
to eight tenths of one mill upon the assessed valuation of
the taxable property of the city, and petitioner believes they
will levy said amount unless directed to do otherwise as
a result of this action.

Upon this petition an alternative writ of *mandamus* was issued out of this court directed to the mayor and common council of the city of Milwaukee.

The case comes before the court upon the motion of the respondents to quash the alternative writ. The respondents concede that it is the duty of the mayor and common council to levy a tax for the purpose of raising a fund not to exceed eight tenths of a mill for the repair of the school buildings of the city of Milwaukee. They claim, however, that ch. 285, Laws 1925, which raises the limit from eight tenths of a mill to one mill, is unconstitutional, because it is in conflict with the so-called home-rule amendment, which amended sec. 3, art. XI, of the state constitution. That section of the constitution as so amended, which was in force at the time ch. 285, Laws 1925, was enacted, reads:

"Cities and villages organized pursuant to state law are hereby empowered to determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village. The method of such determination shall be prescribed by the legislature."

It is contended that the repair of school buildings constituted a local affair of the city of Milwaukee, and that by the constitutional provision just quoted the legislature is prohibited from legislating upon that subject except by general law which "shall with uniformity affect every city or every village;" that as ch. 285, Laws 1925, affected only cities of the first class, it was not a law which "uniformly affected every city or every village." ·

It is obvious that the limitation placed upon the power of the legislature with reference to laws which "shall with uniformity affect every city or every village" is confined to the "local affairs and government" of cities and villages. With reference to all subjects that do not constitute "local

affairs," or relate to the government of cities and villages, the legislature has the same power of classification that it had before the adoption of the home-rule amendment. Respondents' contention, therefore, must rest upon the proposition that the repair of school buildings within the city of Milwaukee is a local affair of said city. If not, respondents' contention must fall. In undertaking a consideration of this question we shall not attempt any general definition of the term "local affairs" or to set the boundaries thereof. We shall address ourselves solely to the proposition of whether the repair of school buildings in the city of Milwaukee constitutes the "local affairs" of said city within the meaning of the constitutional provision here under consideration.

Turning to the provisions of the constitution as they existed at the time of the adoption of the so-called home-rule amendment, we find that by sec. 3, art. XI, it was made the duty of the legislature "to provide for the organization of cities and incorporated villages," and that by sec. 3 of art. X it was provided that the "legislature shall provide by law for the establishment of district schools, which shall be as nearly uniform as practicable; and such schools shall .be free and without charge for tuition to all children between the ages of four and twenty years; and no sectarian instruction shall be allowed therein." Here we have two definite subjects deemed of sufficient importance for constitutional consideration. That they were considered distinct subjects by the framers of the constitution seems quite plain. One deals with cities and villages, the other deals in express terms with district schools, but, in an implied broader aspect, also with the general subject of education. While other provisions of art. X plainly indicate that it was contemplated that district schools should exist not only in cities and villages, but in towns of the state, it by no means follows that the management of the schools should be any

part of municipal government, and, so far as our observation goes, the legislature has never placed the management of the schools of a city with the common council, which constitutes the ordinary governing body of the city, but in all city charters, whether general or special, the schools have been placed under the control and management of a body commonly called or known as the board of education. Thus the management of the schools has been kept separate and distinct from the management of the ordinary municipal affairs.

This consideration is by no means controlling upon the question of whether the repair of school buildings constitutes a local municipal affair. It does, however, indicate that throughout all the years the legislature has zealously guarded against a merger of school affairs with ordinary municipal affairs. It clearly indicates a legislative understanding that there was nothing in common between school matters and the ordinary municipal affairs, but, on the contrary, they constitute distinct and separate fields. While power to legislate upon local affairs was vested in common councils, the management of the schools was committed to another body.

This legislative understanding finds further emphatic expression in ch. 355, Laws 1925, entitled "An act to create section 66.006 of the statutes, declaring the status of the system of public instruction in relation to the constitutional amendment vesting home rule in cities and villages." That chapter provides that "All laws relating to public instruction, pursuant to sections 1, 2, 3, 4 and 5 of article X of the constitution, remain and shall continue in force for the establishment, administration and government of the district schools as heretofore, until amended or repealed by the legislature. The term 'district schools' as here used, in addition to common schools includes, among others, any and all public high schools, trade or vocational schools,

State ex rel. Harbach v. Mayor, etc. 189 Wis. 84.

auxiliary departments for instruction of pupils who are deaf or of defective speech or blind, and truancy or parental schools." We think this legislative distinction is rooted in the constitution. One article of the constitution is devoted to municipal affairs and the organization of cities and villages. Another article of the constitution is devoted to education and provides for the establishment of district schools. With reference to the interest of the state in the two fields there is a wide difference. Local municipalities are organized for the purpose of dealing with matters of local concern. In such matters the state has little or no interest. The state, however, does have an interest in the education of its entire citizenship, an interest so deep and substantial that the framers of the constitution not only made provision for the establishment of district schools, but made provision for the creation of a school fund the income of which should be devoted to the maintenance of district schools throughout the state.

The city attorney frankly admitted that the city of Milwaukee could not close up the schools of the city, nor could it abolish the board of education. This concession was not improvidently made, but it is utterly inconsistent with the claim that the enactment of ch. 285, Laws 1925, was beyond the power of the legislature. The city attorney, while conceding that the city may not abolish the board of education, contended that the maintenance of the school buildings of the city is more distinctly local, and that there must be some point where the state's interest ceased and the authority of the city attached. This contention involves the degree of interference rather than the power to interfere at all. If the field of legislation upon the subject of education belongs to the state, it belongs to it in its entirety. If the cause of education is not a subject of municipal regulation, the municipality cannot touch it or interfere with it in the slightest degree. School buildings are an essential agency in the

state's educational scheme, and to allow municipalities a voice in the construction, repair, control, or management of the school buildings within their borders is to yield to them the power to frustrate the state's plan in promoting education throughout the state. If power be granted to interfere in this respect, there would be no logical limitation to municipal interference with the district schools. This court has held that the ward schools of the cities of the state are district schools, within the meaning of sec. 3, art. X, of the constitution. *Maxcy v. Oshkosh,* 144 Wis. 238, 260, 128 N. W. 899, 1138. It has also held that a free high school district is a *quasi*-corporation, a somewhat independent unit of school government, whose corporate identity is not merged in that of any town, city, or village. *Columbus v. Fountain Prairie,* 134 Wis. 593, 115 N. W. 111. See, also, *Free High School Dist. v. Fountain Prairie,* 154 Wis. 564, 143 N. W. 657.

These considerations lead irresistibly to the conclusion that, although the boundaries of a school district may be coterminous with the boundaries of a city, there is no merger of the school-district affairs with the city affairs. They remain separate and distinct units of government for the purpose of exercising separate and distinct powers and for the accomplishment of separate and distinct purposes. It follows that the so-called home-rule amendment imposes no limitation upon the power of the legislature to deal with the subject of education, and this applies to every agency created or provided, and to every policy adopted by the legislature, having for its object the promotion of the cause of education throughout the state.

*By the Court.*—The motion to quash is denied. A peremptory writ of *mandamus* as prayed for will issue.

A motion for a rehearing was denied, with $25 costs, on February 9, 1926.