STATE EX REL. NYBERG, Respondent, vs. BOARD OF SCHOOL DIRECTORS OF THE CITY OF MILWAUKEE and others, Appellants.

*May 14—June 21, 1926.*

*Schools: Teachers' retirement and annuity fund law: Cities of the first class: Tenure statute: Status of teacher after probation period: Failure of school board to declare: Rights incident to status: Validity of law: Long acquiescence by administrative body.*

1. By virtue of sub. (18), sec. 42.55, Stats. 1925 (being part of the teachers' annuity and retirement fund law for cities of the first class), providing that in such cities, after a successful probation for three years, the election or appointment of a school teacher shall be permanent during efficiency or good behavior, and that no such teacher shall be discharged except for cause, a teacher who has served the successful probation period became permanently employed by virtue of the statute without a precedent determination by the school board that the service was successful, though the teacher may have acquiesced in yearly appointments during the probation period.   p. 574.
2. A teacher who became permanently employed under this statute had a fixed status, with the substantial rights belonging thereto, which may be abrogated or disturbed only in the method prescribed by the statute, and which cannot be impaired by subsequent legislation.   p. 575.
3. Sub. (18), sec. 42.55, Stats., as amended by ch. 327, Laws of 1925, providing that the appointment of school teachers be permanent after the successful probation, is not contrary to secs. 31 and 32, art. IV, Const., because special legislation

applying to cities of the first class only, there being a substantial basis for the classification. Nor is it contrary to sec. 1, art. VIII, Const., providing for uniform taxation, in that annuity funds for teachers in cities of the first class were fixed by a different method than the annuity funds of teachers elsewhere. pp. 576, 577.

4. Courts are reluctant to disturb a law long acquiesced in by the administrative body challenging it and under which substantial rights have been created. p. 578.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed*.

The relator, a graduate of the State Normal School at Oshkosh and of Lawrence College, this state, and having the requisite certificate, was employed as a teacher in the North Division High School of Milwaukee for the school year commencing September 6, 1921.

In the successive springs of 1922, 1923, and 1924 she was recommended by the committee on appointments of the appellant school board for each of such successive school years and so continued to teach.

On May 26, 1925, she received written notice that the committee on appointments intended to discontinue her services at the close of the then term. In compliance with a suggestion in said notice she requested a hearing. Such hearing was had on June 8th and that committee then recommended to the board that her services as a teacher be continued and that she be placed upon the list of permanently employed teachers. She continued to teach until and including June 19th, which was the end of the school year.

On June 30th the defendant school board considered and rejected such report of its committee. Immediately thereafter demand was made on her behalf that all charges against her be investigated and determined by said school board, and on July 7th such request was presented to the said school board and ordered placed on file. Such action of the board is construed and considered by the parties hereto

as refusing to recognize any right on her part to be further employed or retained as a teacher in said city.

On August 4th, upon petition reciting the above facts and others, an alternative writ of *mandamus* was issued requiring said board to place her on the list of permanently employed teachers, to which defendants interposed a return and an amended return.   To such returns relator demurred on the ground that such did not state facts sufficient to constitute a defense.   From the order sustaining the demurrer defendants have appealed.

For the appellants there were briefs by *John M. Niven*, city attorney, and *Walter J. Mattison*, assistant city attorney, and oral argument by *Mr. Mattison*.

For the respondent there was a brief by *Hannan, Johnson & Goldschmidt*, attorneys, and *H. O. Wolfe*, of counsel, all of Milwaukee, and oral argument by *Mr. William F. Hannan* and *Mr. Wolfe*.

*Harry V. Meissner* of Milwaukee, as *amicus curiæ*.

Eschweiler, J.   The appellant school board of the city of *Milwaukee* was created by ch. 459, Laws of 1907, which related solely to cities of the first class.   By that act such board was given the general management, control, and supervision of the public schools of said city.   By sec. 8 thereof it was provided that such board shall, at its discretion, adopt, modify, or repeal by-laws, rules, or regulations for its own government and for the organization, discipline, and management of the public schools, and adopt such measures as shall promote the good order and public usefulness of said schools, provided that none such shall conflict with the constitution and laws of the state.   By sec. 9 provision was made for a committee consisting of the president of the board and four members by him selected who "shall, on a strict basis of eligibility and fitness, examine, certificate, employ, classify, transfer and promote teachers," their ac-

tion being subject to rejection, confirmation, or amendment by the board.

At the next legislative session, by ch. 510, Laws of 1909, provisions were made for a teachers' annuity and retirement fund for cities of the first class. Sub. 17, sec. 2, of said chapter, becoming sub. (17) of sec. 925—*xx* and now sub. (18) of sec. 42.55, Stats., reads as follows:

"All elections or appointments of teachers by the board of school directors or other managing bodies in cities of the first class shall be on probation, and after a successful · probation for four years, the election or appointment shall be permanent, during efficiency or good behavior, provided that teachers having taught four years or more in cities to which this act applies shall be deemed to have served their term of probation. No teacher who has become permanently employed as herein provided by reason of four or more years of continuous service, shall be discharged, except for cause upon written charges, which shall after ten days' written notice thereof to such teacher, upon such teacher's written request, be investigated, heard and determined by the board of school directors, whose action and decision in the matter shall be final."

This was amended, changing the period to three years, by ch. 327 of the Laws of 1925, taking effect June 16th, three days prior to the expiration of said school year as above stated.

The question here presented is whether or not affirmative action is required by the school board, at or prior to the expiration of such probation period, in effect declaring that such teacher has satisfactorily served such period and is, in the judgment of said school board, entitled to be placed on the list of teachers permanently employed, or whether, as contended for by relator, the fact of service, in the absence of a finding or determination by the committee or board that such services are not successful, places such teacher, by force of the statute, upon the list of those who

thereafter are considered permanently employed, subject of course to dismissal as in said subsection provided.

We are of the opinion, and so hold, that a teacher having served a successful probation period becomes, by virtue of such services and the statute, permanently employed, and that no precedent declaration or determination by the school board to the effect that such service is successful or satisfactory is required; that the school board has ample power, control, and authority in such situation during the entire probationary period, by action of its committee of appointment or its own determination, upon opportunity being given to the teacher to be heard, to determine that the services have not been satisfactory; that the teacher is not properly qualified for permanent tenure; and that the probation is not successful. This is the clear intent of such statute, providing, as it does, that *after successful probation* for the designated period the *election or appointment* of such teacher *shall be permanent* during efficiency or good behavior, and that no teacher "who *has become permanently employed* by reason of such continuous probation service, shall be discharged except for cause," etc.

The purpose of a law such as embodied in that for a teacher's retirement and permanent tenure has been treated at length in *State ex rel. Dudgeon v. Levitan*, 181 Wis. 326, 329 *et seq.*, 193 N. W. 499; *State ex rel. Thompson v. School Directors*, 179 Wis. 284, 288, 191 N. W. 746; *State ex rel. Mellen v. Teachers' A. & R. F. Trustees*, 185 Wis. 653, 201 N. W. 383, and needs no further discussion here.

It is urged on behalf of appellants that its own rules and regulations, followed in its practice of recommending, before the commencement of each school year, the appointment for such school year of the teachers then within the probation period and the performing of service by such teachers, including relator, in apparent recognition of each such separate recommendation as a new and separate em-

ployment for each succeeding year, require and warrant affirmative action on its part at or before the expiration of the probation period declaring such probation service successful before such teacher can be considered or treated as on the list of those permanently employed. Furthermore, that the relator, having acquiesced during the years from 1921 to 1925 in such rule or practice, cannot and ought not to be heard to rely upon the position she now takes.

We are, however, not now concerned with, nor do we determine, the respective rights of a teacher and the school board during the probation period. It is sufficient for the disposition of this case to hold that when the relator had performed continuous service as a teacher from September, 1921, until and including the end of the school year on June 19, 1925, there having been no unfavorable action by committee or board, she became by virtue of such service and said statute permanently employed, and her status as such, with the substantial rights belonging thereto, became fixed and could only be abrogated or disturbed in the method prescribed in said statute. That the status of one permanently employed as a teacher under such a system and with the rights so fixed cannot be impaired by subsequent legislation, as held in *State ex rel. O'Neil v. Blied,* 188 Wis. 442, 206 N. W. 213, manifestly requires a holding that such status or contract right cannot be destroyed or impaired by the school board, which is but the administrative arm of the state for carrying on the governmental function of education, except and unless such administrative body has the express power given it by statute to effect such change. *Iverson v. Union F. H. S. Dist.* 186 Wis. 342, 353, 202 N. W. 788. That the school board is an administrative body of the state and performing a state function, as distinguished from an administrative body of a city in the performance of a municipal function, was determined, and upon the contention made by the appellant here, in *State ex*

*rel. Harbach v. Mayor,* 189 Wis. 84, 206 N. W. 210, and also in *H. Schmitt & Son, Inc. v. Milwaukee,* 185 Wis. 119, 121, 200 N. W. 678.    See, also, *Milwaukee v. McGregor,* 140 Wis. 35, 37, 121 N. W. 642.

. In the view we have taken of this primary question it is deemed unnecessary to consider the arguments here presented as to whether or not the relator might rely upon the provision of the statute as first passed fixing the probation period at four years, or upon amendment thereto by ch. 327 of the Laws of 1925 lessening it to three years and taking effect before the expiration of the relator's last school year, or appellants' question as to whether or not such amending act was invalid or ineffectual because being possibly retrospective.

Appellants contend that sub. (18), sec. 42.55, and the amending act, ch. 327 of the Laws of 1925, both *supra,* are unconstitutional and void because special legislation, contrary to secs. 31 and 32, art. IV, Const.    This contention is based upon the proposition that there is no proper basis of classification upon which such a system of probation and permanent tenure can be prescribed, as it is, for cities of the first class only.    In support of this proposition appellants cite such cases as *State ex rel. Milwaukee S. & I. Co. v. Railroad Comm.* 174 Wis. 458, 183 N. W. 687, where the rent law enacted to meet the housing emergency during the late war was held invalid because applying only to counties having a population of 250,000 or more; and *Kroeplin v. Milwaukee County,* 180 Wis. 424, 190 N. W. 454, declaring invalid an act giving county boards, in counties with a population of 250,000 or more, special authority to prohibit certain disturbances or nuisances, such result being reached in each case on the ground of a want of a proper basis for the classification therein made.

The classification here challenged by appellants, whereby provision is made for probationary period and permanent

tenure for teachers in cities of the first class only, is exactly the same classification that is made by ch. 459 of the Laws of 1907, under and by which the appellant school board itself was created and under which it has been functioning since that time and without apparent question of its constitutional right so to do.    Such consideration alone might well cause a pause.

The substantial distinction between legislation for, and the administration of, the school system of the state, and other governmental functions, has been so recently passed upon and discussed in the cases of *State ex rel. Dudgeon v. Levitan,* 181 Wis. 326, 193 N. W. 499, and *State ex rel. Harbach v. Mayor,* 189 Wis. 84, 206 N. W. 210, *supra,* that we shall not go over the same ground again.

Appellants in this connection have called to our attention the fact of unsuccessful attempts made in the legislative sessions of 1923 and 1925 to provide for a similar probationary period for teachers in other cities of the state, and urge this as an argument in support of their proposition of improper classification.   This fact, however, creates upon us just the contrary impression.   It may well indicate that the legislature, in those two sessions at least, having failed on such occasions to repeal or offered to repeal the provisions challenged here affecting cities of the first class, was of the opinion which we are now expressing, viz. that there is a good and substantial basis for the classification that has been made and is now upheld.

Being satisfied that there is a substantial basis for classifying for school purposes the large communities embraced in cities of the first class as established under our law and the smaller communities of the state, appellants' challenge of the laws in question on this ground cannot be sustained.

It is further contended on the subject of alleged unconstitutionality that said sec. 42.55, *supra,* violates sec. 1, art. VIII, Const., providing for a uniform taxation, in that

the annuity funds for teachers in the city of *Milwaukee* are fixed under a different statute and in a different method than that for the annuity funds of teachers outside of *Milwaukee*. Under this law for Milwaukee teachers, it appears from the uncontradicted recitals in the record herein that since its adoption in 1909 a fund of over a million dollars has been collected and large sums are being paid out annually under its provisions and that the fund has been cared for by the trustees provided in the law, four of whom are members of appellant school board.

We should be very reluctant to disturb and upset such a law and its results after such participation in it by the very body now challenging it and over such a long period as that intervening between 1909 and the present time, except and unless very substantial grounds were presented requiring such action, and we find none such advanced. We think the situation, so far as these questions are concerned, is disposed of and controlled by what was said in *State ex rel. Van Dyke v. Cary,* 181 Wis. 564, 571, 191 N. W. 546.

*By the Court.*—Order affirmed.