FANNIE BRITTELLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65725. Filed September 30, 1959.

*Louis L. Meldman, Esq.,* for the petitioner.
*Delman H. Eure, Esq.,* for the respondent.

OPINION.

DRENNEN, *Judge:* This case was submitted on a stipulation of facts with exhibits attached, which are incorporated herein by this reference.

Petitioner is an individual residing in Barton, Wisconsin. She filed a timely income tax return for the year 1953, on a calendar year basis, with the district director of internal revenue at Milwaukee, Wisconsin.

Petitioner was employed as a teacher in the public schools of Milwaukee from 1930 through January 1947. During the year 1953, petitioner received the sum of $1,149.96 from the Milwaukee public school teachers' annuity and retirement fund as provided for in section 38.24 of the Wisconsin Statutes. The only question presented for our decision is whether this sum constitutes taxable income to petitioner in the year 1953. Petitioner reported the amount received on her return for 1953 but excluded it from taxable income. In a notice of deficiency respondent included this amount in petitioner's

taxable income under section 22(a), I.R.C. 1939,[1] and determined a deficiency in petitioner's income tax for 1953 in the amount of $551.98.

In 1907, the Wisconsin Legislature enacted a law, chapter 459, Acts of the Legislature of Wisconsin (1907), providing for the establishment, management, control, and supervision of public schools in cities of the first class, of which Milwaukee is apparently the only one in the State. This law, as amended from time to time, is presently contained in chapter 38 of the Wisconsin Statutes, whereas the laws governing the remainder of the public school system of the State of Wisconsin are contained in other chapters of the statutes, so that the public school system of Milwaukee is operated under a different law from that of other public schools in Wisconsin.

Under the Milwaukee school law, the management, control, and supervision of the public schools are placed in the hands of a board of school directors elected from qualified voters of Milwaukee at a school election in the City of Milwaukee. General supervision of the employment, classification, and promotion of teachers in the Milwaukee public schools rests in a superintendent of schools, acting under the direction of the board, but subject to the provisions of State law with respect thereto. Milwaukee teachers' salaries are paid from a general education fund of the Milwaukee school system provided by the common council of the City of Milwaukee from a property tax imposed by the council, under authority of State law, on all property subject to taxation in the City.

In 1909, the Wisconsin Legislature also provided for the payment of pensions and annuities to teachers in the Milwaukee public schools upon their retirement, and for the establishment and maintenance of a fund for this purpose. This fund is also separate and apart from the retirement fund established for the remainder of the public school teachers in Wisconsin, and the payments received by petitioner here involved were paid from this Milwaukee teachers' fund. The law provides that this fund shall be made up of contributions by teachers, contributions from public sources, gifts and legacies, and amounts received from any other source. It also lays down the eligibility requirements for participation in the fund and specifies the contributions to be made by teachers and the benefits to be received by them. See sec. 38.24, Wisconsin Statutes. The principal source of revenue for this fund, prior to 1953, aside from teachers' contributions thereto, was apparently a State-imposed surtax on income which was earmarked for this fund, and it has been stipulated that during the past 35 years the City of Milwaukee has never contributed any money to this retirement fund, the only contributions thereto having been those received from the State of Wisconsin, contributions by teachers, and gifts from private sources.

[1] All references herein are to the Internal Revenue Code of 1939, applicable here.

Petitioner contributed a total of $2,694 to this fund, and since her retirement in 1947 and prior to 1953, she had received payments from the fund in the aggregate amount of $7,038.10. Throughout the term of her employment as a teacher, petitioner was aware of the existence of this retirement fund and knew that if she complied with the requirements of the law, she would become entitled to a retirement annuity based on her years of service as a teacher.

Because the Milwaukee school system, in which petitioner was an employee, and the retirement fund from whence she received her pension, were created and are controlled by a different law from the remainder of the State's school system, and because the fund from which she received her pension is made up of contributions from sources other than her former employer, which was the Milwaukee school board, petitioner claims the pension payments received by her are not compensation for past services but are either tax-exempt gifts or are receipts not otherwise includible in gross income.

Section 22(b)(3) provides that the value of property acquired by gift shall not be included in gross income and shall be exempt from taxation. However, for receipts to qualify as gifts exempt from taxation under this provision, the payments must be made with a donative intent on the part of the payor, and this is a question of fact dependent on all the circumstances surrounding the payments. We find nothing in this record, or in the Wisconsin Statutes referred to, to indicate that the pension received by petitioner was intended to be a gift; but on the contrary, we think it is clear that the pension was paid in consideration of past services rendered by her.

Under the constitution of Wisconsin, it is the primary responsibility of the State to provide for the education of its citizens. Art. X, sec. 1, Wisconsin constitution. The establishment and operation of the public schools are governmental functions of the State. *State v. Sinar*, 267 Wis. 91, 65 N.W. 2d 43. While it is true that the Wisconsin Legislature placed the direction and control of the Milwaukee public schools under a board of school directors, the State has nevertheless retained its interest in these schools and in public education generally, and kept these functions separate and distinct from municipal affairs. *State v. Mayor, etc., of City of Milwaukee*, 189 Wis. 84, 206 N.W. 210. The school board is an administrative arm of the State for the conduct of public education. *State v. Board of School Directors*, 190 Wis. 570, 209 N.W. 683. The members of the school board are officers of the State and are required to take an oath as such. It is merely by reason of classification of Milwaukee as a city of the first class that the administration of its schools is separate from that of other schools of the State. *State v. Levitan*, 181 Wis. 326, 193 N.W. 499. While petitioner was nominally employed by the board of school directors of the City of Milwaukee,

in our opinion the board was acting only as an agency of the State, and her true employer was the State of Wisconsin.

As pointed out by the Supreme Court of Wisconsin in *State* v. *Levitan, supra,* the State of Wisconsin recognized long ago the need for a teachers' retirement plan providing fixed retirement benefits in the form of a definite obligation, either of the State or the fund, more definite and dignified than that of common charity, in order to induce experienced and competent teachers to remain in the teaching service, thereby promoting the educational interests of the State. Having created a separate Milwaukee school system under its own board of school directors, which, however, had no means of providing a retirement fund for its employees, the State legislature established the Milwaukee public school teachers' annuity and retirement fund and provided the source of revenue thereof. The Milwaukee school system was thus given a retirement plan for its employees which assured fixed benefits based on years of service as a definite obligation of the fund. We can see no difference between this and any other retirement benefits provided by a State or a private employer for its employees. The pension received by petitioner was paid in consideration of services rendered to the Milwaukee school system and through it to the State of Wisconsin and any other private contributors to the fund. These payments to petitioner do not come within the purview of Regulations 118, section 39.22(a)-2, which provide in part: "[S]o-called pensions awarded by one to whom no services have been rendered are mere gifts or gratuities and are not taxable."

Petitioner also contends that the pension received by her is not includible in gross income. This is based on the premise that not all receipts are included in gross income, even though such receipts are not specifically excepted as taxable income by statute. She points out that the Commissioner of Internal Revenue has long admitted that social security benefits, public assistance payments, and payments to blind persons made by State governments are not includible in gross income, and cites *Kaiser* v. *United States,* 262 F. 2d 367 (C.A. 7). However, petitioner has not shown why the pension she received should not be included in the broad definition of gross income as contained in section 22(a),[2] and we see little similarity between the pension she received and the payments mentioned above which are considered payments from general welfare funds in the interest of the general public. Petitioner's further contention that

---

[2] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, * * * and income derived from any source whatever. * * *

her pension is similar to payments made to clergymen by their former congregations, *Mutch* v. *Commissioner*, 209 F. 2d 390 (C.A. 3), reversing and remanding a Memorandum Opinion of this Court, payments made to former employees of a corporation by corporate stockholders after the sale of their stock, *Bogardus* v. *Commissioner*, 302 U.S. 34, and other payments of a similar nature mentioned in petitioner's brief, we also consider to be without merit. In these cases there was no legal obligation to make the payments and the donative intent of the payor making the payments was of primary importance in determining their character.

We hold that the pension received by petitioner from the teachers' retirement fund in the year 1953 was taxable as ordinary income to petitioner.

*Decision will be entered for the respondent.*