O. M. LIEN et al., Appellants,

v.

CITY OF KETCHIKAN et al., and Sisters of St. Joseph of Newark, a Washington corporation, Appellees.

No. 275.

Supreme Court of Alaska.

June 24, 1963.

David J. Pree, Anchorage, for appellants.

E. E. Bailey, Stump & Bailey, Ketchikan, for City of Ketchikan.

R. L. Jernberg, Gore & Jernberg, Ketchikan, and George J. Toulouse, Jr., Seattle, Wash., for Sisters of St. Joseph.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The City of Ketchikan has provided for the construction of a hospital with a combination of federal, state and local funds.[1] After approval by the voters at a special election, the city executed an agreement to lease the hospital to the Sisters of St. Joseph of Newark, a charitable, non-profit corporation, for a period of 10 years at a rental of $1.00 a year. Under the terms of the lease the Sisters are to operate and maintain the hospital at their own expense. In this action to cancel the lease the plaintiff-appellant, Lien, assailed the lease arrangement as being invalid on various grounds. The superior court held against plaintiff and dismissed his complaint, and he has appealed.

*Public Purpose*

Plaintiff contends that when a hospital constructed with public funds is leased to a non-profit corporation managed by a sectarian religious order, there is a violation of the public purpose section of the state constitution which provides:

"No tax shall be levied, or appropriation of public money made, or public property transferred, nor shall the public credit be used, except for a public purpose."[2]

The moneys used to construct the Ketchikan hospital were spent for a public purpose, since a community hospital serves the general welfare. That purpose does not become non-public when the hospital is turned over to a charitable, non-profit corporation for operation, rather than being operated by the city itself. The public purpose remains unchanged. This is apparent from those provisions of the lease which obligate the Sisters to not deny admission or care of patients on account of race, color or creed, and which require the Sisters to establish fair and equitable rates and charges "sufficient only to pay the cost of operation." And it is of no consequence that the members of this charitable corporation may belong to a sectarian religious order. The test of whether a public purpose is being served does not depend on the religious or non-religious nature of the agency that will operate the leased property, but upon the character of the use to which the property will be put. The use as a public hospital will not be changed by the lease to the Sisters. There is no violation of article IX, section 6 of the state constitution.

*Authority to Lease*

A statute authorizes municipalities to sell, lease or otherwise dispose of real estate and other property "when in the judgment of the city council it is no longer required for municipal purposes."[3] Relying upon this statute, plaintiff contends that since no finding was made that the hospital

1. The federal funds are made available by the Hospital Survey and Construction Act, commonly called the Hill-Burton Act. Act of August 13, 1946, ch. 958, 60 Stat. 1041 [42 U.S.C.A. § 291 (1957)]. The state funds are in the nature of matching funds with the federal and are available to local governments on a participating basis. AS 18.20.140–18.20.220; S.L.A.1960, ch. 182, § 2. The local funds were obtained through the sale of the City's general obligation bonds in an amount not to exceed $1,200,000.

2. Alaska Const. art. IX, § 6.

3. AS 29.10.132(a).

property was not required for municipal purposes, and that any such finding if made would not be justified by the facts, that the city had no authority to lease the property.

■■ The statute relied upon by plaintiff has no application to this case. It was enacted prior to statehood when all cities derived their governmental powers from the legislature. Cities are now authorized by the state constitution to adopt home rule charters [4], and the City of Ketchikan had adopted a charter and was a home rule city prior to the time the lease was made. By constitutional provision cities have "the powers and functions conferred by law or charter." [5] The meaning of this provision is that where a home rule city is concerned the charter, and not a legislative act, is looked to in order to determine whether a particular power has been conferred upon the city. It would be incongruous to recognize the constitutional provision stating that a home rule city "may exercise all legislative powers not prohibited by law or by charter" [6], and then to say that the power of a home rule city is measured by a legislative act. We hold that AS 29.10.132(a), which authorizes municipalities to lease property, is not relevant where the powers of a home rule city are being considered. This statute is not the source of the city's power to lease its hospital to the Sisters. Therefore, the portion of that statute which requires a finding that property to be leased is not required for municipal purposes is not a limitation on the power of the City of Ketchikan to lease its hospital.

■ Plaintiff contends that the lease is without effect because of the city's failure to comply with certain provisions of the charter relating to the establishment of a public utility and a granting of a franchise to furnish a public utility service. This contention must be rejected for the reason that the language of the charter dealing with utilities does not suggest that the term "public utility" was meant to include a hospital, and plaintiff has failed to show that this was contemplated by the framers of the charter.

*Delegation of Power*

The lease provides that "The Lessee shall have the responsibility for establishing the necessary rules, regulations and by-laws for the internal operation of the hospital and nothing in this lease may be construed as delegating this power to the Lessor." Plaintiff argues that this provision constitutes an invalid delegation of the city's power and duty to determine all matters of policy, in contravention of section 2-4 of the city charter which states:

"Except as otherwise provided in this charter, all powers of the city, including the determination of all matters of policy, shall be vested in the council."

■ We find no violation of this section of the charter. The city had the power to lease the hospital; it was under no obligation to operate it as a governmental institution, administered and staffed by municipal employees. It would be impracticable for the city to attempt to provide rules and regulations for the internal functioning of an institution which has been turned over to another for management and operation. The city has established policy in the lease by including provisions which adequately recognize and protect the public interest. The Sisters are obliged to operate and maintain the hospital and equipment at their own expense, and in such a manner that there will be compliance with minimum hospital standards prescribed by the state, and eligibility for accreditation by the Joint Commission on Accreditation of Hospitals. Provision must be made for the care of Indian patients as prescribed by federal law, and a reasonable volume of charity care must be provided to conform to the requirements of the federal Hill-Burton Act. No person

4. Alaska Const. art. X, § 9.
5. Alaska Const. art. X, § 7.

6. Alaska Const. art. X, § 11.

may be denied admission to the hospital on account of race, creed or color. The Sisters must establish fair and equitable rates and charges sufficient only to pay the costs of operation, and they must establish and maintain an adequate accounting system and provide the city with an annual audit of hospital accounts made by a certified public accountant.

The foregoing lease provisions demonstrate that the city has fulfilled, rather than abdicated, its duty of determining policy matters. There has been no invalid delegation of municipal power.

### Freedom of Religion

Asserting that the Sisters are a sectarian order of the Catholic faith, plaintiff contends that the effect of the lease is to give a preference to the Catholic church. This, plaintiff argues, violates article I, section 4 of the state constitution which forbids the making of a law respecting the establishment of religion or prohibiting the free exercise thereof.[7]

█ The Sisters are a non-profit corporation, organized for charitable purposes.[8] There is nothing in the articles of incorporation indicating that the corporation's objective is to further religious beliefs or dogmas of the Catholic church. The hospital was constructed and the lease made in order to provide for the care of the sick, without regard to race, color or creed, and thus accomplish a valid public purpose. There is nothing in this arrangement from which it can be inferred that a tax-established, public institution is to be utilized to aid a religious group to spread its faith or to interfere with the religious beliefs of others.[9] The city's action was not designed, nor does it have the effect by its nature, of promoting or giving a preferred position to whatever religious beliefs the individual members of the corporation might have. The fact that specific sectarian beliefs may be entertained by those persons does not bar the city from achieving its valid secular goal of caring for the sick.[10]

Plaintiff asserts that when the hospital has been completed and turned over to the Sisters in accordance with the lease [11], that the Sisters, as a matter of fact, will engage in the practice of teaching patients religion, and will operate the hospital under a sectarian code of ethics so as to give one sect preference over another and so as to interfere with the free exercise of plaintiff's own religious beliefs.

█ If it should appear as an objective fact, after the Sisters commence operation of the hospital, that the operative effect of the lease arrangement is to violate the constitutional provision regarding the establishment of religion and religious freedom, then that will be time enough for the judiciary to intervene. Out of a proper regard for the right of the city to administer its affairs and serve the public need as it deems fit, this court will refuse to strike down the city's arrangement in the absence of a factual situation where judicial intervention becomes a practical necessity. At this time plaintiff is unable to show that he has sustained or is immediately in danger of sustaining some

7. Alaska Const. art. I, § 4 reads: "No law shall be made respecting an establishment of religion, or prohibiting the free exercise thereof."

8. The articles of incorporation of the Sisters of St. Joseph of Newark provide in art. III: "The objects and purposes of this incorporation shall be to establish and maintain hospitals, orphanages, homes for young women, homes for the aged, the blind, or the infirm and with the further object and purpose of engaging generally in any such kindred charities as those concerned in this corporation may from time to time find necessary or convenient."

9. But cf. Illinois ex rel. McCollum v. Board of Education, 333 U.S. 203, 210, 68 S.Ct. 461, 464, 92 L.Ed. 649, 658 (1948).

10. See McGowan v. Maryland, 366 U.S. 420, 445, 81 S.Ct. 1101, 1115, 6 L.Ed.2d 393, 410 (1961).

11. At the time the superior court rendered its decision the hospital was still under construction.

direct injury as a result of the city's plan for hospital care, which makes it incumbent upon the court to pass upon the constitutional question. What plaintiff asks us to do is to give an abstract opinion on what is in essence a hypothetical case, and that we shall not do.[12] Suffice it to say we find no violation of article I, section 4 of the constitution on the face of the city's arrangement to lease its hospital to the Sisters.

The remaining specifications of error raised by plaintiff in his brief do not warrant discussion—either because they have been disposed of by the points covered in this opinion, or because they are lacking in substance.

The judgment is affirmed.

12. See Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).