**Hugh MACAULEY et al., Appellants,**

v.

**Edward S. HILDEBRAND, Treasurer of the City & Borough of Juneau, Alaska, Appellee.**

**No. 1550.**

Supreme Court of Alaska.

Nov. 30, 1971.

Avrum M. Gross, of Faulkner, Banfield, Boochever & Doogan, Juneau, for appellants.

Billy G. Berrier, City & Borough Atty., Juneau, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

OPINION

ERWIN, Justice.

This appeal concerns a dispute between the Juneau School Board and the unified

City and Borough of Juneau regarding which of those two bodies should have accounting control over funds appropriated for the operation of schools.[1]

In early 1970 a home rule charter was adopted for the borough which directed the borough assembly to make provision for centralized accounting for all borough functions, "including the education function". Acting under this authority, the assembly enacted Ordinance 70–6 which provides that "[a]ll accounting functions for all departments, offices, agencies, including the education function are centralized in the Department of Administration and Finance." The accounting function, which apparently allows some control over the expenditure of school money, had previously been performed by the school district.

The borough made demand on the school board to comply with the ordinance and the board refused, relying on AS 07.15.-330(c) which provides in part:

*When the borough school board by resolution consents,* the borough assembly may by ordinance provide a centralized accounting system for school and all other borough operations. (emphasis added)

The school board has never adopted a resolution consenting to centralized accounting. Subsequently, the school board was advised by the clerk of the borough that after September 1, 1970, no further

vouchers prepared by the school district accounting staff would be honored.

On September 3, 1970, the school board initiated this action seeking a permanent injunction prohibiting the borough from rejecting properly verified vouchers received from the school board. On June 29, 1971, the superior court, by summary judgment, denied the claim for relief.[2] We reverse.

The sole issue both at trial and on appeal can be simply stated: May a home rule borough require its school system to participate in centralized accounting without the statutorily required approval of the school board? We are thus presented with an issue as to the validity of a home rule borough ordinance which conflicts with a state statute.

In Lien v. City of Ketchikan, 383 P.2d 721 (Alaska 1963), we recognized that under the Alaska Constitution home rule municipalities have broad governmental powers[3] and refused to void a lease of municipal property even though the city had not complied with a general state statute regarding such leases. *Lien,* however, dealt with a matter of purely local concern, the leasing of municipal property. That the scope of home rule power to act in conflict with state legislation is not without limit was shown by our recent decision in Chugach Electric Ass'n v. City of Anchorage, 476 P.2d 115 (Alaska 1970). There we held that a building permit ordi-

---

1. The relationship between the borough and the school board is set out in AS 07.15.330(a) as follows:

   Each organized borough constitutes a borough school district and the first and second class borough shall establish, maintain, and operate a system of public schools on an areawide basis.

   The statute also provides that the borough assembly may require that all school money be deposited in a centralized treasury with other borough money, to be managed by the borough chairman. AS 07.15.330(b). This action has been taken in Juneau.

2. The superior court judge reasoned that since the state legislature had delegated

   so much of the education function to local units of government, the traditional local-statewide activity dichotomy employed in Chugach Electric Ass'n v. City of Anchorage, 476 P.2d 115 (Alaska 1970), was not controlling. Moreover, he stated that it would be "inherently divisive and frustrating" to recognize autonomous powers over accounting in a subordinate branch of government. He therefore ruled that the limiting language of AS 07.15.330(c) should only apply to general law municipalities.

3. Art. X, § 11, provides:

   A home rule borough or city may exercise all legislative powers not prohibited by law or by charter.

**122**

nance under which the City of Anchorage, a home rule municipality, denied an electric cooperative a permit to extend its services would have to yield to the State Public Service Commission's determination that electric cooperatives could operate within the area.

In *Chugach* we adopted the "local activity rule" as "an expedient method for resolving an impasse between state statutes which seek to further a specific policy and municipal ordinances which either directly or collaterally impede this implementation." 476 P.2d at 122. Thus, the determination of whether a home rule municipality can enforce an ordinance which conflicts with a state statute depends on whether the matter regulated is of statewide or local concern.[4] The distinction is exemplified by *Chugach* and *Lien*. In *Chugach* we found that the denomination of service areas where a public utility could operate was a matter of statewide concern; in *Lien*, on the other hand, we were dealing with a city's power to lease municipal property, clearly a matter of local concern.

 The outcome of the local activity test in the case at bar is dictated by Article VII, Section 1 of the Alaska Constitution:[5]

> The legislature shall by general law establish and maintain a system of public schools open to all children of the State * * *.

This constitutional mandate for pervasive state authority in the field of education could not be more clear. First, the language is mandatory, not permissive. Sec-

ond, the section not only requires that the legislature "establish" a school system, but also gives to that body the continuing obligation to "maintain" the system.[6] Finally, the provision is unqualified; no other unit of government shares responsibility or authority. That the legislature has seen fit to delegate certain educational functions to local school boards in order that Alaska schools might be adapted to meet the varying conditions of different localities does not diminish this constitutionally mandated state control over education.

This case is reversed and remanded to the superior court with instructions to enter judgment for appellants.

---

4. The borough's arguments that Art. X, § 11 of the Alaska Constitution gives home rule municipalities broad powers in areas not strictly of local concern and that any legislation restricting the power of home rule cities must be specifically labeled as doing so, were both considered and rejected in *Chugach*. 476 P.2d 120, 122–123.

5. Although we need not analyze whether education is a matter of statewide or local concern, we note that the more persuasive authority holds that education is a mat-

ter of statewide concern. *See, e. g.*, Board of Educ. of City of Minneapolis v. Houghton, 181 Minn. 576, 233 N.W. 834 (1930); Carlberg v. Metcalfe, 120 Neb. 481, 234 N.W. 87 (1930); State ex rel. Harbach v. Mayor etc. of City of Milwaukee, 189 Wis. 84, 206 N.W. 210 (1925); 16 McQuillan, Municipal Corporations § 46.-02, at 688–89 (3d ed. 1963).

6. The state supplies a minimum of 90% of school operating funds. AS 14.17.021 (c) (5).