AARON C. BUTLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Butler v. Commissioner
Docket No. 1797-86.
United States Tax Court
T.C. Memo 1987-463; 1987 Tax Ct. Memo LEXIS 459; 54 T.C.M. (CCH) 516; T.C.M. (RIA) 87463; September 15, 1987. Aaron C. Butler, pro se. *460 Gail K. Gibson, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 4,815 in petitioner's 1982 Federal income tax. After concessions by the parties, the sole issue is whether petitioner is entitled to exclude from gross income any of the disability pension received by him during 1982. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner was a resident of Wayne, Nebraska, when the petitioner was filed. Petitioner was employed by Metropolitan Community Colleges (MCC) at Kansas City, Missouri, *461 for eight years until his retirement due to disability in October 1981. Petitioner was a professor of economic at MCC. During his tenure, he made contributions to a disability insurance plan with MCC's insurance carrier, Guardian Life Insurance Company of New York (Guardian). The parties agree that petitioner's contributions to this plan during the period of his employment were $ 8,842.46, and MCC's contributions were $ 6,441.66. During 1982, petitioner received $ 19,956 in disability payments from MCC. The payments were actually made by Guardian, the disability insurance carrier for MCC. Petitioner received a Form W-2 from MCC for 1982 reporting wages of $ 19,956. On his 1982 return, petitioner did not report any of the $ 19,956 payments received from Guardian. Later, after being informed by MCC that the payments were taxable, petitioner filed an amended return, on which he reported $ 2,739 of his pension as taxable income. [2] The record is not clear as to how petitioner reached this determination. *462 Respondent determined in the notice of deficiency that the entire $ 19,956 was taxable income. Respondent, at trial, conceded that the $ 8,842.46 contributed by petitioner was nontaxable but claimed the remaining $ 11,113.54 was taxable. Respondent also conceded that petitioner was entitled to an additional dependency exemption for his mother, which was not claimed on petitioner's 1982 original or amended returns. OPINION Respondent's determination in the notice of deficiency is presumptively correct, and petitioner bears the burden of proving otherwise by a preponderance of the evidence. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Section 72(a) generally provides that any amount received as an annuity is included in gross income except as otherwise expressly provided. Section 72(d) provides that amounts received from certain annuities may be excluded from gross income until an amount equal to the employee's "consideration for the contract" has been excluded. In the case of such a contract, if, during the first three years in which payments under the contract are made, the total amount receivable by the employee will equal or exceed the *463 consideration which was paid, all payments are excluded from gross income until such consideration has been recovered. All payments thereafter are taxable income to the recipient. Section 72(d)(1); Brittelle v. Commissioner,32 T.C. 1332 (1959). Pensions fall within the description of "contracts" providing for payments to which section 72(d) applies. Section 1.72-13(d), Income Tax Regs. The record reflects that petitioner recovered his $ 8,842.46 contributions to the disability pension in 1982, thus all amounts received in excess of this figure are fully taxable under section 72(d), including the $ 6,441.66 in contributions made by MCC. Petitioner contends that, in addition to the $ 8,842.46, which admittedly is nontaxable, 73 percent of all amounts in excess of $ 8,842.46 is also nontaxable, since 73 percent represented his proportionate share of the contributions by him and MCC to the plan at the time of his retirement. [3] Petitioner bases his position on Internal Revenue Publications 525 and 907 and advice he purportedly received from agents at the national office of the Internal Revenue Service at Washington, D.C. Petitioner also relies on a proposed stipulated *464 decision, which was presented to him prior to trial of this case in which the deficiency was reduced to $ 1,109 from $ 4,815 determined in the notice of deficiency. We dismiss petitioner's contentions. Our review of the Internal Revenue Publications does not lead us to the same conclusions petitioner reached. In fact, Publication 525 states specifically "If your payments are specifically applied to the cost of your disability pension, do not include the payments you made toward the purchase of the disability pension in figuring the cost of your pension or annuity for the Three-Year Rule or the General Rule. For more information on the Three-Year Rule and the General Rule, see Publication 575." The same statement also appears in Publication 907. With respect to the advice respondent's agents at the national office purportedly gave petitioner, we are satisfied from the record that such advice was given, if at all, prior to the time respondent's *465 agents or attorneys responsible for this case conceded that petitioner's contributions of $ 8,842.46 were not taxable. If petitioner was advised that the $ 8,842.46 and 73 percent of his pension in excess thereof were nontaxable, such advice was erroneous, and respondent is not estopped and is not bound by the erroneous acts or omissions of his agents. Estate of Emerson v. Commissioner,67 T.C. 612, 617-618 (1977); see also Automobile Club of Michigan v. Commissioner,353 U.S. 180 (1957). The proposed stipulated decision of this case showing a deficiency of $ 1,109 is of no benefit to petitioner's position, because it does not reflect how the deficiency was arrived nor does it show what concessions, if any, were made by respondent. We conclude that petitioner was not taxable on $ 8,842.46 of the disability pension he received in 1982, but all payments received by him in excess of this amount constituted taxable income. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. In an explanatory statement on the amended return, petitioner and his wife stated "We elect to treat these receipts as a pension * * *." We construe this as an irrevocable election by petitioner and his wife not to seek the exclusionary benefits of section 105(d) pursuant to section 105(d)(6) and to apply instead the annuity rules pursuant to section 72. ↩
3. For the entire period of his employment, petitioner's contributions represented 58 percent of the total contributions to the plan. However, petitioner contends that, at the time he retired, he was contributing 73 percent to the plan. ↩