WILLIAM F. BOCK, Corporation Counsel Racine County
You advise that the county executive of your county has requested your advice on three questions dealing with his authority as it relates to the duties and responsibilities of your county's Handicapped Children's Education Board, previously established in your county pursuant to section 115.86, Stats. You have provided me with your analysis of the law and response to those questions and request my further consideration and opinion concerning such matters.
The first question asks: "Who is the direct supervisor of the Director of the County School Offices?"
The establishment of a county Handicapped Children's Education Board is discretionary with each county. However, in counties which have created such board, sections 115.83 to 115.88
authorize the board to exercise a broad range of duties and responsibilities, including the following set forth in section 115.86(5)(a):
 BOARD DUTIES. (a) The board shall have charge of all matters pertaining to the organization, equipment, operation and maintenance of such programs and may do all things necessary to perform its functions, including, without restriction because of enumeration, the authority to erect buildings subject to *Page 197 
county board approval and employ teachers and other personnel. The board shall prepare an annual budget, which shall be subject to approval of the county board under s. 65.90 unless a resolution is adopted under sub. (9)(c), and shall include funds for the hiring of staff, the purchase of materials, supplies and equipment and the operation and maintenance of buildings or classrooms.
Moreover, section 115.86(6) expressly states that the board "may not assign by resolution or by contract the full administrative or instructional services of the board." The director of the county school offices in your county apparently heads the county schools office which administers the county special education program and instructional services authorized under the above statutes.
Recent significant statutory changes expanding the administrative authority of the county executive have been enacted by 1985 Wisconsin Act 29. Among these changes is section 59.031(2r), since renumbered by 1985 Wisconsin Act 176 as section 59.031(2)(br), which provides in part that "[n]otwithstanding any statutory provision that a board . . . appoint a department head . . . the county executive shall appoint and supervise the department head," and "[n]otwithstanding any statutory provision that a board . . . supervise the administration of a department, the department head shall supervise the administration of the department and the board . . . shall perform any advisory or policy-making function authorized by statute." Based on this language and other provisions of section 59.031, you conclude that the director of county school offices is a "department head" who now administers the county special education programs and instructional services under the supervision of the county executive and that the Handicapped Children's Education Board has now become a policy-making board.
Whether or not the county Handicapped Children's Education Board is a "board" which supervises the administration of a "department" and appoints a "department head" within the meaning of section 59.031(2)(br), it is my opinion that the administrative functions of the board, including those implemented through the director of the county school offices, would be under the direct supervision of the county executive and that the board would be restricted to the performance of "advisory or policy-making functions." *Page 198 
AS recently pointed out in 77 Op. Att'y Gen. 98 (1988):
 Section 59.031(2)(intro.), as amended by 1985 Wisconsin Act 29, now expressly provides that "[t]he county executive shall be the chief executive officer of the county" and shall take care that "every" county ordinance and state law is "administered" within his or her county. Section 59.031(2)(a) states that the duty and power of the county executive is to "[c]oordinate and direct by executive order or otherwise all administrative and management functions of the county government not otherwise vested by law in other elected officers." Prior to amendment by 1985 Wisconsin Act 29, the latter provision had excepted administrative and management functions vested by law in "boards or commissions" from control by the county executive, but that exception was deleted by the session law.
Moreover, in counties with an elected county executive, Handicapped Children's Education Board members are appointed by the county executive subject to county board confirmation. See
secs. 115.86(3)(a) and 59.031(2)(c), Stats.
The second question asks: "Who has the responsibility of preparing the budget for the County School Office?"
Section 115.86(5)(a) provides that the county Handicapped Children's Education Board "shall prepare an annual budget, which shall be subject to approval of the county board under s. 65.90." However, in counties with a county executive, section 59.031(5) requires that "[n]otwithstanding any other provision of the law, he shall be responsible for the submission of the annual budget to the county board . . . ."
These two statutes may be read together and construed quite harmoniously. A "budget" is both an estimate of needs for stated purposes and a plan or method by which the expenditures and revenues are to be allocated to accomplish certain identified goals. Even under a county executive form of county government, the preparation of such an annual budget by the county Handicapped Children's Education Board is quite consistent with the board's continuing responsibility to perform advisory or policy-making functions. However, the county executive is responsible for the final overall policy considerations underlying the total annual budget proposal for all county functions, and the county executive controls *Page 199 
the ultimate annual budget recommendation to the county board.See 77 Op. Att'y Gen. 113 (1988).
The final question asks: "Is the Director of the County School Office obligated to follow the Racine County Affirmative Action Ordinance, the Racine County Personnel Ordinance, the Racine County Procurement Policy and any other policies and procedures directed by the County Board of Supervisors?"
In Wisconsin, "education constitutes a state function," and is a subject entirely within the control of the Legislature.Hartford Union High School v. Hartford, 51 Wis.2d 591, 593-94,187 N.W.2d 849 (1971); State ex rel. Harbach v. Mayor, etc.,189 Wis. 84, 90, 206 N.W. 210 (1926). Therefore, to the extent the specific function here involved deals with special education programs and services, the county cannot enforce ordinances in conflict with state law and must act in accord with the statutory directives regulating that subject, including section 115.83(5), which provides that "[t]he courses, qualifications of teachers, coordinators, social workers and school psychologists and plan of organizing and maintaining special education programs and other services shall comply with requirements established by the state superintendent." In the absence of any contrary indication, I will assume for the purposes of this opinion that none of the ordinances to which reference is made present any such conflict.
The statutes grant county boards broad authority to enact ordinances regulating their organization and administration. See
secs. 59.02(1), 59.025, 59.026 and 59.07(intro.), Stats. Moreover, it is the county board which is responsible for development of those broad policy determinations which are not unique to the operation of any particular office or department and which relate to and guide the administration of the county more generally. For instance, the county board has authority to "establish regulations of employment for any person paid from the county treasury," "may require that all purchases may be made in the manner determined by it" and may even enact an ordinance requiring its contractors to agree to a policy of nondiscrimination in employment. See secs. 59.15(2)(c) and59.07(7), Stats.; 70 Op. Att'y Gen. 64 (1981).
Therefore, assuming the ordinances referred to in the question are otherwise within the authority of the county board to enact, the *Page 200 
director of the county school office would be obligated to comply with the same.
DJH:JCM *Page 201